**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| CYPRESSWOOD SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 7:26-cv-00279<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., in which Plaintiff Cypresswood Solutions LLC ("Cypresswood" or "Plaintiff") alleges as follows against Defendant Google LLC ("Google" or "Defendant"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Google's unlawful infringement of the following United States patents, which relate to certain aspects of cloud computing management, information security, and database storage: U.S. Patent No. 8,090,909 (the "'909 Patent"); U.S. Patent No. 8,219,750 (the "'750 Patent"); U.S. Patent No. 8,239,624 (the "'624 Patent"); and U.S. Patent No. 9,086,821 (the "'821 Patent") (collectively the "Asserted Patents"). Cypresswood owns each of the Asserted Patents and holds all enforcement rights. Cypresswood also has the right to recover all damages for past, present, and future infringement of the Asserted Patents and to seek injunctive relief as appropriate under the law.

2. Plaintiff Cypresswood Solutions LLC is a Texas limited liability company with its principal place of business at 6500 River Pl. Blvd, Building 7, Suite 250, Austin, TX 78730.

3. The Asserted Patents were developed by Pivot3, Inc. of Austin, Texas.[1] Pivot3 developed "smarter infrastructure for ... software-defined datacenter[s] with an Intelligence Engine to consolidate ... workloads on single infrastructure while prioritizing the applications that power ... business[es]."[2] Pivot3's "hyperconverged software platform overc[ame] the performance, scale and resiliency limitations of conventional ... infrastructure .... Pivot3's innovative, multi-tier architecture ... orchestrated by an Intelligence Engine ... simplifie[d] performance, data protection and security management and put[] an end to infrastructure complexity[,] [allowing users to] .... confidently consolidate a broader set of workloads on a single infrastructure platform and deliver guaranteed performance to the applications that power the business."[3]

4. Pivot3 employed hundreds of engineers, researchers and others from its offices in Austin, including its founders, CEO, inventors, and others. In addition, it partnered with various other entities located in this District, such as Dell, EMC, VMware, Cisco, and others, and prosecuted the Asserted Patents using prosecution counsel located in this District.

5. Pivot3's technological advancements were broadly recognized by the market. In 2020 Pivot3 won three awards, for "Most Valuable Product," "Money-Saving Products," and a "Government Security Award."[4] Each of these awards considered "innovation, functionality,

---

[1] https://www.sec.gov/Archives/edgar/data/1316752/000131675215000004/xslFormDX01/primary_doc.xml

[2] https://web.archive.org/web/20190819145716/https://pivot3.com/product/datacenter/

[3] https://web.archive.org/web/20200517090007/https://pivot3.com/wp-content/uploads/2019/05/Data-Sheet-Pivot3-Acuity-Datacenter-Series_051519.pdf

[4] https://web.archive.org/web/20201030102807/https://pivot3.com/press-release/pivot3-recognized-with-multiple-technology-innovation-awards/; https://web.archive.org/web/20210127123702/https://pivot3.com/press-release/pivot3-virtual-

competitive advantage and ability to provide substantial impact and value to channel partners and customers."[5]

6. Cypresswood was formed to take ownership of and provide access to the fundamental patented technology that emerged from Pivot3's pioneering research in the smart infrastructure and datacenter fields. This technology is integral to today's cloud computing platforms and content storage in datacenters.

7. Cypresswood is the owner of U.S. Patent No. 8,090,909 (the "'909 Patent"), titled "Method and System for Distributed RAID Implementation," which issued on January 3, 2012. A copy of the '909 Patent is attached to this Complaint as Exhibit 1.

8. Cypresswood is the owner of U.S. Patent No. 8,219,750 (the "'750 Patent"), titled "Method and System for Execution of Applications in Conjunction with Distributed RAID," which issued on July 10, 2012. A copy of the '750 Patent is attached to this Complaint as Exhibit 2.

9. Cypresswood is the owner of U.S. Patent No. 8,239,624 (the "'624 Patent"), titled "Method and System for Data Migration in a Distributed RAID Implementation," which issued on August 7, 2012. A copy of the '624 Patent is attached to this Complaint as Exhibit 3.

10. Cypresswood is the owner of U.S. Patent No. 9,086,821 (the "'821 Patent"), titled "Method and System for Execution of Applications in Conjunction With RAID," which issued on July 21, 2015. A copy of the '821 Patent is attached to this Complaint as Exhibit 4.

---

security-operations-center-wins-2020-astors-homeland-security-award-for-best-video-data-storage-solution/; https://web.archive.org/web/20210127130952/https://pivot3.com/press-release/pivot3-wins-2020-campus-safety-best-award/

[5] *Id*.

11. On information and belief, Google LLC is a wholly-owned subsidiary of Alphabet, Inc., and a Delaware limited liability company, with an established place of business at 500 West 2nd Street, Austin, Texas 78701 at which Google can be served with process.

12. Google has long known of Pivot3 and at least the '909 and '624 Patents.[6] Google's own patents regarding "Techniques for data storage"; "Orthogonal coding for data storage"; "Modified orthogonal coding techniques for storing data"; "Skewed orthogonal coding techniques"; and "Storing data across groups of storage nodes" cite Pivot3 and its patent families.[7] Despite this knowledge and recognition of their relevance, Google has infringed and continues to infringe Plaintiff's patents.

**JURISDICTION AND VENUE**

13. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over Google in this action because Google has committed acts of infringement within this District giving rise to this action, has regular and established places of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Google would not offend traditional notions of fair play and substantial justice. Google, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and the Western District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or

[6] https://patents.google.com/patent/US8090909B2/en?oq=8%2c090%2c909+;
https://patents.google.com/patent/US8239624B2/en?oq=8%2c239%2c624+

[7] *Id*.

derives substantial revenue from products and/or services provided to individuals in Texas, and commits acts of infringement of Cypresswood's patents in this District by, among other things, supplying, distributing, developing, making, using, offering to sell, and selling Google Colossus and Hyperdisk.

16. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Google resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

17. On information and belief, Google operates Google Cloud servers in this District, which support Google Colossus and Hyperdisk. For example, on information and belief, Google LLC operates network edge locations in at least Austin, TX, and San Antonio, TX.[8] On information and belief, Google LLC operates the infringing instrumentalities with and through these edge nodes. Google LLC describes these network edge locations as "Google Cloud offers connections to Google Cloud services from over 200 locations across the following metropolitan areas."[9] Given Google Colossus and Hyperdisk are functionalities of Google Cloud services, Google LLC infringes in each of the "200 locations," including in this District.

18. On information and belief, Google employs engineering, product-operations, and marketing teams at its Austin campus—including personnel working with Google Cloud and Colossus and Hyperdisk services. From their offices in this District, those employees maintain, upgrade and develop Google Cloud services.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,090,909

[8] https://docs.cloud.google.com/vpc/docs/edge-locations
[9] *Id*.

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. The Accused Instrumentalities for the ’909 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Cloud including Colossus and Hyperdisk, and all versions and variations thereof since the issuance of the ’909 Patent.

21. Cypresswood is the owner of the ’909 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

22. The written description of the ’909 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23. Cypresswood and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’909 Patent at least through user interface splash screens listing patent numbers, and product documentation referring to Pivot3’s patents. In addition, Cypresswood presently asserts only method claims of the ’909 Patent. Cypresswood is therefore entitled to damages for Defendant’s past infringement.

24. Defendant has directly infringed (literally and equivalently) the ’909 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’909 Patent without a license or permission from Cypresswood.

25. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 5 provides a

description of the Accused Instrumentalities and a chart showing examples of how Defendant, and those it causes to indirectly infringe, infringe Claim 4 of the ’909 Patent, which Cypresswood provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

26. Defendant has also knowingly and intentionally induced and contributed, and continues to induce and contribute, to infringement of the ’909 Patent in violation of 35 U.S.C. §§ 271(b)-(c) without a license or permission from Cypresswood. For example, Defendant has had knowledge of or has been willfully blind to the ’909 Patent and the infringing nature of the Accused Instrumentalities since at least around July 2013 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

27. Despite this knowledge, Defendant has indirectly infringed and continues to indirectly infringe by actively encouraging, instructing, and inducing, others (including its vendors and customers) to use, integrate, offer to sell, sell, and import the Accused Instrumentalities in ways that directly infringe the ’909 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts, thereby specifically intending for and inducing its customers to infringe the ’909 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities, providing the Accused Instrumentalities to customers, and indemnifying patent infringement within the United States.

28. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities constitutes willful infringement of the ’909 Patent.

29. Cypresswood has been damaged by Defendant's infringement of the '909 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,219,750

30. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. The Accused Instrumentalities for the '750 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Cloud including Colossus and Hyperdisk, and all versions and variations thereof since the issuance of the '750 Patent.

32. Cypresswood is the owner of the '750 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

33. The written description of the '750 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

34. Cypresswood and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '750 Patent at least through user interface splash screens listing patent numbers, and product documentation referring to Pivot3's patents. In addition, Cypresswood presently asserts only method claims of the '750 Patent. Cypresswood is therefore entitled to damages for Defendant's past infringement.

35. Defendant has directly infringed (literally and equivalently) the ’750 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’750 Patent without a license or permission from Cypresswood.

36. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 6 provides a description of the Accused Instrumentalities and a chart showing examples of how Defendant, and those it causes to indirectly infringe, infringe Claim 5 of the ’750 Patent, which Cypresswood provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

37. Defendant has also knowingly and intentionally induced and contributed, and continues to induce and contribute, to infringement of the ’750 Patent in violation of 35 U.S.C. §§ 271(b)-(c) without a license or permission from Cypresswood. For example, Defendant has had knowledge of or has been willfully blind to the ’750 Patent and the infringing nature of the Accused Instrumentalities since at least around July 2013 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

38. Despite this knowledge, Defendant has indirectly infringed and continues to indirectly infringe by actively encouraging, instructing, and inducing, others (including its vendors and customers) to use, integrate, offer to sell, sell, and import the Accused Instrumentalities in ways that directly infringe the ’750 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts, thereby specifically intending for and inducing its customers to infringe the ’750 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information, education

and instructions on the use of the Accused Instrumentalities, providing the Accused Instrumentalities to customers, and indemnifying patent infringement within the United States.

39. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities constitutes willful infringement of the ’750 Patent.

40. Cypresswood has been damaged by Defendant’s infringement of the ’750 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,239,624

41. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. The Accused Instrumentalities for the ’624 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Cloud including Colossus and Hyperdisk, and all versions and variations thereof since the issuance of the ’624 Patent.

43. Cypresswood is the owner of the ’624 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

44. The written description of the ’624 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

45. Cypresswood and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’624 Patent at least through user interface splash screens listing patent numbers, and product documentation referring to Pivot3’s patents. In addition, Cypresswood presently asserts only method claims of the ’624 Patent. Cypresswood is therefore entitled to damages for Defendant’s past infringement.

46. Defendant has directly infringed (literally and equivalently) the ’624 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’624 Patent without a license or permission from Cypresswood.

47. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 7 provides a description of the Accused Instrumentalities and a chart showing examples of how Defendant, and those it causes to indirectly infringe, infringe Claim 8 of the ’624 Patent, which Cypresswood provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

48. Defendant has also knowingly and intentionally induced and contributed, and continues to induce and contribute, to infringement of the ’624 Patent in violation of 35 U.S.C. §§ 271(b)-(c) without a license or permission from Cypresswood. For example, Defendant has had knowledge of or has been willfully blind to the ’624 Patent and the infringing nature of the Accused Instrumentalities since at least around July 2013 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

49. Despite this knowledge, Defendant has indirectly infringed and continues to indirectly infringe by actively encouraging, instructing, and inducing, others (including its vendors

and customers) to use, integrate, offer to sell, sell, and import the Accused Instrumentalities in ways that directly infringe the ’624 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts, thereby specifically intending for and inducing its customers to infringe the ’624 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities, providing the Accused Instrumentalities to customers, and indemnifying patent infringement within the United States.

50. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities constitutes willful infringement of the ’624 Patent.

51. Cypresswood has been damaged by Defendant’s infringement of the ’624 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,086,821

52. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

53. The Accused Instrumentalities for the ’821 Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Cloud including Colossus and Hyperdisk, and all versions and variations thereof since the issuance of the ’821 Patent.

54. Cypresswood is the owner of the ’821 Patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

55. The written description of the ’821 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

56. Cypresswood and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the ’821 Patent at least through user interface splash screens listing patent numbers, and product documentation referring to Pivot3’s patents. In addition, Cypresswood presently asserts only method claims of the ’821 Patent. Cypresswood is therefore entitled to damages for Defendant’s past infringement.

57. Defendant has directly infringed (literally and equivalently) the ’821 Patent by making, using, selling, offering for sale, or importing products, infrastructure, and/or services that infringe the claims of the ’821 Patent without a license or permission from Cypresswood.

58. On information and belief, Defendant uses, imports, offers for sale, and sells certain infringing products in the United States with the Accused Instrumentalities. Exhibit 8 provides a description of the Accused Instrumentalities and a chart showing examples of how Defendant, and those it causes to indirectly infringe, infringe Claim 13 of the ’821 Patent, which Cypresswood provides without the benefit of information about the Accused Instrumentalities obtained through discovery.

59. Defendant has also knowingly and intentionally induced and contributed, and continues to induce and contribute, to infringement of the ’821 Patent in violation of 35 U.S.C. §§ 271(b)-(c) without a license or permission from Cypresswood. For example, Defendant has had knowledge of or has been willfully blind to the ’821 Patent and the infringing nature of the Accused

Instrumentalities since at least around July 2015 and no later than the filing and service of this Complaint. The Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

60. Despite this knowledge, Defendant has indirectly infringed and continues to indirectly infringe by actively encouraging, instructing, and inducing, others (including its vendors and customers) to use, integrate, offer to sell, sell, and import the Accused Instrumentalities in ways that directly infringe the ’821 Patent. Defendant does so knowing and intending that its customers will commit these infringing acts, thereby specifically intending for and inducing its customers to infringe the ’821 Patent through the normal and customary use of the Accused Instrumentalities. On information and belief, these acts include providing information, education and instructions on the use of the Accused Instrumentalities, providing the Accused Instrumentalities to customers, and indemnifying patent infringement within the United States.

61. Defendant has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities constitutes willful infringement of the ’821 Patent.

62. Cypresswood has been damaged by Defendant’s infringement of the ’821 Patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has directly and indirectly infringed the Asserted Patents, either literally and/or under the doctrine of equivalents;

b. A permanent injunction prohibiting Defendant from further acts of infringement of

the Asserted Patents;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 24, 2026

Respectfully submitted,

*/s/ Benjamin T. Wang*

Benjamin T. Wang
bwang@raklaw.com
Marc A. Fenster
mfenster@raklaw.com
Paul Kroeger
pkroeger@raklaw.com
Neil Rubin
nrubin@raklaw.com
Joshua Scheufler
jscheufler@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor

Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
E-mail: andrea@millerfairhenry.com

*Attorneys for Plaintiff*
*Cypresswood Solutions, LLC*