**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| CYPRESSWOOD SOLUTIONS LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 7:26-cv-00279-DC |
| | § | |
| GOOGLE LLC, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ... 1
II. STATEMENT OF FACTS ... 1
III. LEGAL STANDARD ... 2
IV. ARGUMENT ... 3
A. Cypresswood Fails to Plausibly Allege Pre-Suit Indirect Infringement ... 3
B. Cypresswood Fails to Plausibly Allege Pre-Suit Willful Infringement ... 7
V. CONCLUSION ... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................................4, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................................2

*Atlas Glob. Techs., LLC v. Sercomm Corp.*,
638 F. Supp. 3d 721 (W.D. Tex. 2022)......................................................................................6

*Auth Wallet, LLC v. Amarillo Nat'l Bank*,
No. MO:24-CV-00064-DC, 2025 WL 5291542 (W.D. Tex. Feb. 28, 2025) ............................2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................................2

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) .....................................................................................................2

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)....................................................................................................................3

*CTD Networks LLC v. Microsoft Corp.*,
No. W-22-CV-01049-XR, 2023 WL 5417141 (W.D. Tex. Aug. 22, 2023).............................3

*Daedalus Prime LLC v. MediaTek, Inc.*,
No. 2:24-CV-00235-JRG, 2025 WL 825188 (E.D. Tex. Mar. 13, 2025).................................8

*Densys Ltd. v. Align Tech. Inc.*,
No. CV 25-768-GBW, 2026 WL 1506566 (D. Del. May 29, 2026) ........................................4

*EMA Electromechanics, Inc. v. Siemens Corp.*,
No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ..............................5

*Fuhr v. City of Sherman, Texas*,
No. 4:21-CV-549-SDJ, 2022 WL 828926 (E.D. Tex. Mar. 18, 2022) ......................................3

*Fujifilm Corp. v. Eastman Kodak Co.*,
No. 2:24-cv-04017-MCA-JSA, 2025 WL 5285604 (D. N. J. Feb. 19, 2025) ...........................4

*Gines v. D.R. Horton, Inc.*,
699 F.3d 812 (5th Cir. 2012) .....................................................................................................3

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)........................................................ 6*Halo Elecs. Inc. v. Pulse Elecs. Inc.*,
579 U.S. 93 (2016)..........................................................................................................7

*Inhale, Inc. v. Gravitron, LLC*,
No. 1:18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ....................................6

*Interactive Content Engines, LLC v. Apple Inc.*,
No. MO:25-CV-00353-DC, 2026 WL 2837235 (W.D. Tex. Aug. 5, 2026) .........................2, 6

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)...............................4

*Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*,
16 F.4th 1144 (5th Cir. 2021) .....................................................................................2

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ............................5

*Network Sys. Techs., LLC v. Sk Hynix Inc.*,
No. 1:25-CV-1647-ADA, 2026 WL 1920396 (W.D. Tex. July 2, 2026).................................7

*Norris v. Hearst Tr.*,
500 F.3d 454 (5th Cir. 2007) .....................................................................................3

*Palisade Techs., LLP v. Micron Tech., Inc.*,
No. 7:24-CV-00262-DC-DTG, 2025 WL 5285581 (W.D. Tex. July 24, 2025),
*adopted*, 2025 WL 2380729 (W.D. Tex. Aug. 15, 2025).....................................................5, 7

*RFCyber Corp. v. Apple Inc.*,
No. 6:21-CV-00916-ADA, 2022 WL 22891200 (W.D. Tex. Sept. 12, 2022) ..........................5

*Signode Indus. Grp. LLC v. Samuel, Son & Co.*,
No. 2:24-CV-00080-JRG, 2024 WL 3543408 (E.D. Tex. July 25, 2024)................................4

*Superior Indus., LLC v. Thor Glob. Enter. Ltd.*,
700 F.3d 1287 (Fed. Cir. 2012).....................................................................................5

*Velocity Commc'n Techs., LLC v. Oneplus Tech. (Shenzhen) Co.*,
No. 5:25-CV-105-RWS, 2026 WL 1552797 (E.D. Tex. Apr. 13, 2026)..................................4

**Statutes**

35 U.S.C. §§ 271(b)-(c) .........................................................................................2, 6

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

## I. INTRODUCTION

The Court should dismiss the deficient claims for pre-suit indirect and willful infringement in the Complaint for Patent Infringement ("Complaint," Dkt. 1) filed by Plaintiff Cypresswood Solutions LLC ("Cypresswood") under Fed. R. Civ. P. 12(b)(6). The Complaint articulates no facts to plausibly allege that Defendant Google LLC ("Google") was aware of the asserted patents before this lawsuit, let alone that Google knew about the alleged infringement, as would be required to plead indirect infringement or willfulness. Cypresswood does not allege that it ever notified Google of the asserted patents before filing suit. Cypresswood points to Patent Office citation records regarding two of the asserted patents, but those records actually indicate that those two patents were not cited in a Google patent prosecution.

## II. STATEMENT OF FACTS

Cypresswood filed this action on July 24, 2026, alleging that Google infringes four patents: U.S. Patent No. 8,090,909 (the "'909 patent"); U.S. Patent No. 8,219,750 (the "'750 patent"); U.S. Patent No. 8,239,624 (the "'624 patent"); and U.S. Patent No. 9,086,821 (the "'821 patent") (collectively, "asserted patents"). The Complaint alleges that the asserted patents were originally developed by third-party Pivot3, Inc. ("Pivot3") and are now owned by Cypresswood. (Dkt. 1, ¶¶ 3, 6-10.)

The Complaint does not assert that Cypresswood or Pivot3 made Google aware of any of the asserted patents before this lawsuit was filed. To the contrary, the Complaint merely states that "Google has long known of Pivot3 and at least the '909 and '624 Patents," citing online records of Patent Office citations. (*Id.*, ¶ 12, n.6.) But those records indicate that the '909 and '624 patents were <u>not</u> cited by a Google patent or patent application. (*See* Declaration of Lowell D. Mead ("Mead Decl."), Ex. 1 (first section of "Cited By" records showing that the '909 patent has not

been cited by a Google patent or patent application), Ex. 2 (same for the ’624 patent).) The Complaint goes on to allege—without any cited basis—that Google “has had knowledge of or has been willfully blind” to the ’909, ’750, and ’624 patents “and the infringing nature of the Accused Instrumentalities since at least around July 2013” and likewise for the ’821 patent “since at least around July 2015.” (Dkt. 1, ¶¶ 26, 37, 48, 59.) Based on nothing more than those unfounded allegations, the Complaint asserts that Google induced and contributed to infringement under 35 U.S.C. §§ 271(b)-(c) and willfully infringed the asserted patents prior to this lawsuit. (*Id.*, ¶¶ 26-28, 37-39, 48-50, 59-61.)

## III. LEGAL STANDARD

“To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). “[T]he plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Id.* at 678. Courts do “not accept as true conclusory allegations or unwarranted deductions of fact.” *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citations omitted). Similarly, a court should “not credit a complaint’s legal conclusions or threadbare recitals of the elements of a cause of action.” *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted). “Mere recital of the elements of a cause of action, and conclusory allegations are insufficient.” *Auth Wallet, LLC v. Amarillo Nat’l Bank*, No. MO:24-CV-00064-DC, 2025 WL 5291542, at *1 (W.D. Tex. Feb. 28, 2025); *see also Interactive Content Engines, LLC v. Apple Inc.*, No. MO:25-CV-00353-DC, 2026 WL 2837235, at *2 (W.D. Tex. Aug. 5, 2026).

## IV. ARGUMENT

### A. Cypresswood Fails to Plausibly Allege Pre-Suit Indirect Infringement

"Claims of indirect infringement — that is, induced or contributory infringement — require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent." *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *9 (W.D. Tex. Aug. 22, 2023) (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015)). More specifically, "liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil*, 575 U.S. at 639 (citation omitted). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Id.*

Cypresswood's allegations of pre-suit knowledge of the asserted patents are woefully inadequate, and as such, its claims for pre-suit inducement and contributory infringement should be dismissed. The Complaint avers that two asserted patents ('909 and '624) supposedly became known to Google through Google's patent prosecutions. (Dkt. 1, ¶ 12, n.6.) But the records cited by the Complaint show that those two patents were <u>not</u> cited by a Google patent or patent application. (*See* Mead Decl. Exs. 1, 2 (first section of "Cited By" records).)[1] The records indicate only a "family to family" citation to these two patents in a few patents assigned to Google. (*See* Exs. 1, 2 ("Family to Family Citations" sections).) In other words, one or more unidentified patent(s) or patent application(s) in the families of the '909 and '624 patents were apparently cited

[1] The Court "may consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim" and may "take judicial notice of matters of public record." *Fuhr v. City of Sherman, Texas*, No. 4:21-CV-549-SDJ, 2022 WL 828926, at *2 (E.D. Tex. Mar. 18, 2022) (citing *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) & *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

by patents or patent applications assigned to Google. But mere reference to unidentified, non-asserted patents or applications during patent prosecution does not plausibly indicate that Google had knowledge of any asserted patent. *See*, *e.g.*, *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) ("Multiple district courts . . . have held that general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent.") (citation modified); *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.,* No. W:13-CV-365, 2014 WL 2892285, at *6-7 (W.D. Tex. May 12, 2014) (stating that general allegation that defendant "was aware of Plaintiffs portfolio of patents" was insufficient to plausibly allege knowledge of the asserted patents); *see also Signode Indus. Grp. LLC v. Samuel, Son & Co.*, No. 2:24-CV-00080-JRG, 2024 WL 3543408, at *2-3 (E.D. Tex. July 25, 2024) (holding that complaint "fails to sufficiently plead pre-suit knowledge of the Asserted Patents" where it "references several patents and patent application publications cited by Defendants during patent prosecution" but "does not allege that Defendants cited any of the *Asserted Patents* during patent prosecution") (italics in original); *Velocity Commc'n Techs., LLC v. Oneplus Tech. (Shenzhen) Co.*, No. 5:25-CV-105-RWS, 2026 WL 1552797, at *4 (E.D. Tex. Apr. 13, 2026) (finding that "general knowledge of a patent portfolio" is insufficient to plausibly allege knowledge of an asserted patent).[2]

Indeed, even if the asserted patents themselves had been cited in connection with Google's own patents, that would not be enough to plausibly allege knowledge of the asserted patents for

[2] *See also*, *e.g.*, *Fujifilm Corp. v. Eastman Kodak Co.*, No. 2:24-cv-04017-MCA-JSA, 2025 WL 5285604, at *2 (D. N. J. Feb. 19, 2025) (citation to European counterpart of the asserted patent during prosecution of defendant's patent was insufficient to plead pre-suit knowledge of the asserted patent); *Densys Ltd. v. Align Tech. Inc.*, No. CV 25-768-GBW, 2026 WL 1506566, at *14 (D. Del. May 29, 2026) (citation of a patent that "shares substantial portions of its specification" with the asserted patent and of a European patent that claims priority to the same application as the asserted patent were insufficient to plausibly plead pre-suit knowledge of the asserted patent).

purposes of claiming infringement. *See Palisade Techs., LLP v. Micron Tech., Inc.*, No. 7:24-CV-00262-DC-DTG, 2025 WL 5285581, at *3 (W.D. Tex. July 24, 2025), *adopted*, 2025 WL 2380729 (W.D. Tex. Aug. 15, 2025) (dismissing claims for pre-suit indirect infringement and willfulness because "the citation of an asserted patent by an examiner during prosecution of an eventually issued patent is insufficient to show pre-suit knowledge of the asserted patent at the pleading stage"); *RFCyber Corp. v. Apple Inc.*, No. 6:21-CV-00916-ADA, 2022 WL 22891200, at *2 (W.D. Tex. Sept. 12, 2022) (finding allegations that "two of the asserted patents were cited during prosecution of [defendant's] patents" was insufficient to "support an allegation of pre-suit knowledge of the patents").

Beyond that, the Complaint fails to provide any other factual content indicating pre-suit knowledge of the asserted patents. The Complaint makes bare assertions that Google has had knowledge of the '909 patent, '750 patent, and '624 patent since at least around July 2013 (Dkt. 1, ¶¶ 26, 37, 48) and of the '821 patent since at least around July 2015 (*id.*, ¶ 59). But such a conclusory statement is not enough to sufficiently plead pre-suit knowledge. *See EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *5 (W.D. Tex. Apr. 26, 2022) (finding that conclusory allegation unsupported by factual allegation was not sufficient to support an allegation of pre-suit knowledge).

The Complaint also fails to allege any facts plausibly indicating pre-suit knowledge by Google of any alleged infringement of the asserted patents. Given that knowledge of a patent and knowledge of infringement are "distinct elements" for purposes of indirect infringement, "without more factual allegations supporting knowledge of infringement, the pleading standard is not met." *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021); *see also Superior Indus., LLC*

*v. Thor Glob. Enter. Ltd*., 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of inducement and contributory infringement claims where plaintiff "does not allege any facts to support a reasonable inference that [Defendant] specifically intended to induce infringement of the [patent] or that it knew it had induced acts that constitute infringement"); *Inhale, Inc. v. Gravitron, LLC*, No. 1:18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (dismissing indirect infringement claim that "fail[ed] to raise a plausible inference that [the defendant] intended another party to infringe and knew of that party's infringement"). The Complaint makes conclusory allegations that Google has "knowingly and intentionally induced and contributed . . . to infringement of [each asserted] Patent in violation of 35 U.S.C. §§ 271(b)-(c)." (Dkt. 1, ¶¶ 26-27, 37-38, 48-49, 59-60.) However, the Complaint fails to allege any cognizable facts demonstrating that Google was aware of any alleged infringement, prior to the Complaint's filing. *Interactive Content Engines*, 2026 WL 2837235, at *2 (courts do not credit "naked assertions" devoid of "further factual enhancement") (citation omitted). Indeed, the Complaint does not allege that Cypresswood (or Pivot3) ever notified Google as to the existence or alleged infringement of the asserted patents (e.g., by way of letters or claim charts).

Cypresswood cannot salvage its deficient claims with its unsupported "willful blindness" theory. A showing of willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). The Complaint alleges neither. And "[m]erely pleading that the defendant was aware of a patent portfolio without more . . . is not enough." *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 729 (W.D. Tex. 2022); *see also Affinity Labs*, 2014 WL 2892285, at *6 (holding

that "defendant's awareness of a plaintiff's patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss").

Because the Complaint does not plausibly allege knowledge (or willful blindness) of the asserted patents or of the alleged infringement, the claims for pre-suit indirect infringement should be dismissed.

**B. Cypresswood Fails to Plausibly Allege Pre-Suit Willful Infringement**

Cypresswood fails to plausibly allege pre-suit willful infringement for substantially the same reasons as its deficient indirect infringement claims. "To state a claim for willful infringement, the plaintiff must plausibly allege the 'subjective willfulness of a patent infringer, intentional or knowing.'" *Palisade*, 2025 WL 5285581, at *1 (quoting *Halo Elecs. Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 105 (2016)). Willful infringement requires a showing that the defendant "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Network Sys. Techs., LLC v. Sk Hynix Inc.*, No. 1:25-CV-1647-ADA, 2026 WL 1920396, at *2 (W.D. Tex. July 2, 2026) (citation omitted). None of those things are plausibly alleged here.

Cypresswood fails to plausibly allege pre-suit knowledge of the asserted patents and pre-suit knowledge of alleged infringement for the same reasons explained previously. The Complaint simply alleges that Google "has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities constitutes willful infringement of [each asserted] Patent." (Dkt. 1, ¶¶ 28, 39, 50, 61.) But Cypresswood provides no plausible factual allegations to support this conclusory allegation. Cypresswood's bare allegations that merely recite the elements of willful infringement cannot sustain a claim for willful infringement. *See Palisade*, 2025 WL 5285581, at *3 (dismissing pre-suit willful infringement claim for failure to plausibly allege pre-suit knowledge); *Network Sys. Techs.*, 2026 WL 1920396, at *2 (same);

*Daedalus Prime LLC v. MediaTek, Inc.*, No. 2:24-CV-00235-JRG, 2025 WL 825188, at *2 (E.D. Tex. Mar. 13, 2025) (dismissing pre-suit willfulness for failure to allege knowledge of the asserted patents and "culpable conduct").

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the Complaint's pre-suit indirect and willful infringement claims.

Dated: October 5, 2026

COOLEY LLP

By: /s/ *Heidi L. Keefe*

Heidi L. Keefe
(CA Bar No. 178960)
hkeefe@cooley.com
Reuben H. Chen
(CA Bar No. 228725)
rchen@cooley.com
Lowell D. Mead
(CA Bar No. 223989)
lmead@cooley.com
Andrew Lau (*pro hac vice forthcoming*)
(CA Bar No. 347563)
andrew.lau@cooley.com
HanByul Chang (*pro hac vice forthcoming*)
(CA Bar No. 353836)
hanbyul.chang@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

Eamonn Gardner
(CA Bar No. 310834)
egardner@cooley.com
Cooley LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: +1 720 566-4000
Facsimile: +1 720 566 4099

Matthew Ritter (*pro hac vice forthcoming*)
(DC Bar No. 90036549)
Cooley LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Michael E. Jones (Tex. Bar No. 24001351)
mikejones@potterminton.com
Shaun W. Hassett (Tex. Bar No. 24074372)

shaunhassett@potterminton.com
Potter Minton
102 North College Suite 900
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

*Attorneys for Defendant*
*Google LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on October 5, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via ECF.

*/s/ Heidi L. Keefe*
Heidi L. Keefe