**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| CYPRESSWOOD SOLUTIONS LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 7:26-cv-00279-DC-DTG |
| | § | |
| GOOGLE LLC, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**
**FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..................... 1

II. STATEMENT OF FACTS ..................... 2

III. LEGAL STANDARD ..................... 4

IV. ARGUMENT ..................... 5

A. Cypresswood Fails to Plausibly Allege Pre-Suit Knowledge of the Patents-in-Suit ..................... 5

B. Cypresswood Fails to Plausibly Allege Pre-Suit Knowledge of Infringement ..................... 10

C. Cypresswood's Unsupported Willful Blindness Theory Cannot Salvage Its Deficient Claims ..................... 12

D. Cypresswood Fails to Plausibly Allege Pre-Suit Willful Infringement ..................... 14

V. CONCLUSION ..................... 15

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................................6, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................4, 5, 8, 11

*Atlas Glob. Techs., LLC v. Sercomm Corp.*,
638 F. Supp. 3d 721 (W.D. Tex. 2022)......................................................................12

*Auth Wallet, LLC v. Amarillo Nat'l Bank*,
No. MO:24-CV-00064-DC, 2025 WL 5291542 (W.D. Tex. Feb. 28, 2025) ...........................5

*Bartonfalls LLC v. Turner Broadcasting Sys., Inc.*,
No. 2:16-cv-1127-JRG-RSP, 2017 WL 1375205 (E.D. Tex. Mar. 15, 2017),
*adopted*, 2017 WL 1319656 (E.D. Tex. Apr. 10, 2017) ..............................................8, 11

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022)...............................................................10, 12

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) ...........................................................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)..........................................................................................5

*CTD Networks LLC v. Microsoft Corp.*,
No. W-22-CV-01049-XR, 2023 WL 5417141 (W.D. Tex. Aug. 22, 2023)........................5, 11

*Densys Ltd. v. Align Tech. Inc.*,
No. CV 25-768-GBW, 2026 WL 1506566 (D. Del. May 29, 2026) .......................................6

*Dialect, LLC v. Bank of Am., N.A.*,
No. 2:24-CV-00207-JRG, 2024 WL 4980794 (E.D. Tex. Dec. 4, 2024).....................6, 13, 14

*EMA Electromechanics, Inc. v. Siemens Corp.*,
No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) .........................8, 12

*Flypsi, Inc. v. Google LLC*,
No. 6:22-CV-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022).........................8, 11

*Fuhr v. City of Sherman, Texas*,
No. 4:21-CV-549-SDJ, 2022 WL 828926 (E.D. Tex. Mar. 18, 2022) .....................................2

*Fujifilm Corp. v. Eastman Kodak Co.*,
No. 2:24-cv-04017-MCA-JSA, 2025 WL 5285604 (D. N. J. Feb. 19, 2025) ....................................6

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)....................................................................................................12

*Inhale, Inc. v. Gravitron, LLC*,
No. 1:18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ................................12

*Intell. Ventures I LLC v. T Mobile USA, Inc.*,
No. 2:17-CV-00577-JRG, 2019 WL 13535668 (E.D. Tex. Jan. 8, 2019) ...............................15

*Interactive Content Engines, LLC v. Apple Inc.*,
No. MO:25-CV-00353-DC, 2026 WL 2837235 (W.D. Tex. Aug. 5, 2026) .........................5, 8

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*,
No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)............................1, 6

*Lemko Corp. v. Microsoft Corp.*,
No. 3:22-CV-363-L-BT, 2024 WL 3798217 (N.D. Tex. July 29, 2024),
*adopted*, 2024 WL 3806350 (N.D. Tex. Aug. 13, 2024).......................................................10

*Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*,
16 F.4th 1144 (5th Cir. 2021) ..........................................................................................5

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ..........................10

*Network Sys. Techs., LLC v. Sk Hynix Inc.*,
No. 1:25-CV-1647-ADA, 2026 WL 1920396 (W.D. Tex. July 2, 2026)..........................14, 15

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
No. 6:13-CV-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ................................9

*Orion Labs Tech, LLC v. Sprinklr, Inc.*,
No. A-25-CV-1100-RP, 2026 WL 653591 (W.D. Tex. Jan. 28, 2026),
*adopted*, 2026 WL 641482 (W.D. Tex. Mar. 5, 2026) ...............................................13, 14, 15

*Palisade Techs., LLP v. Micron Tech., Inc.*,
No. 7:24-CV-00262-DC-DTG, 2025 WL 5285581 (W.D. Tex. July 24, 2025),
*adopted*, 2025 WL 2380729 (W.D. Tex. Aug. 15, 2025).............................................7, 14, 15

*RFCyber Corp. v. Apple Inc.*,
No. 6:21-CV-00916-ADA, 2022 WL 22891200 (W.D. Tex. Sept. 12, 2022) ......................7, 9

*Superior Indus., LLC v. Thor Glob. Enter. Ltd.*,
700 F.3d 1287 (Fed. Cir. 2012).........................................................................................12

*Velocity Commc'n Techs., LLC v. Oneplus Tech. (Shenzhen) Co.*,
No. 5:25-CV-98-RWS, 2026 WL 1552797 (E.D. Tex. Apr. 13, 2026)....................................6

**Statutes**

35 U.S.C. §§ 271(b)-(c) ..............................................................................................................4

**Court Rules**

Federal Rule of Civil Procedure 12(b)(6) .........................................................................1, 2

**Other Authorities**

USPTO Manual of Patent Examining Procedure § 609.........................................................3, 7, 9

# I. INTRODUCTION

Defendant Google LLC ("Google") renews its motion to dismiss the deficient claims for pre-suit indirect and willful patent infringement brought by Plaintiff Cypresswood Solutions LLC ("Cypresswood"). Google moved to dismiss the original complaint on October 5, 2026. (Dkt. 11.) In response, Cypresswood filed its first amended complaint on October 19, 2026. (Dkt. 23 ("FAC").) The additional allegations in the FAC—including highly implausible "on information and belief" accusations that Cypresswood invents out of whole cloth—fail to cure the deficiencies Google's motion identified and only reinforce why dismissal is appropriate.

The FAC articulates no facts to plausibly allege that Google was aware of the four patents-in-suit and its alleged infringement of those patents before this lawsuit, as would be required to plead pre-suit indirect and willful infringement. Cypresswood merely points to routine Patent Office activities that do not remotely suggest any wrongdoing by Google, let alone deliberate infringement of the patents-in-suit. Indeed, the exhibits filed with the FAC indicate that the four patents-in-suit were not cited to or by Google before this lawsuit was filed. Rather, the FAC points to citation of non-asserted patents, when it is well-settled that mere citation to <u>non-asserted</u> patents, or general reference to a patent portfolio, does not plausibly indicate that a defendant had knowledge of any specific <u>asserted</u> patent. *See*, *e.g.*, *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) ("Multiple district courts . . . have held that general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent." (cleaned up).)

For these reasons, Cypresswood's claims of pre-suit indirect and willful infringement are deficient and should be dismissed under Rule 12(b)(6) consistent with on-point precedent.

## II. STATEMENT OF FACTS

Cypresswood alleges that Google infringes four patents: U.S. Patent Nos. 8,090,909 ("'909 patent"); 8,219,750 ("'750 patent"); 8,239,624 ("'624 patent"); and 9,086,821 ("'821 patent") (collectively, "patents-in-suit"). The patents issued between January 2012 and July 2015. (*See* Dkts. 23-1, 23-2, 23-3, 23-4.) The FAC alleges that the patents-in-suit were originally developed by third-party Pivot3, Inc. ("Pivot3") and are now owned by Cypresswood. (FAC ¶¶ 3, 6-10.)

After Google's first motion to dismiss (Dkt. 11) showed why Cypresswood's deficient claims for pre-suit indirect and willful infringement should be dismissed, the FAC added details that only further confirm why those deficient claims should be dismissed. The FAC does not cite any indication that Google was ever aware of the patents-in-suit. Nor does it allege that Pivot3 or Cypresswood ever sent any communication to Google before this lawsuit. Instead, the FAC cites routine Patent Office filings indicating that the patents-in-suit were not cited to or by Google.

The relevant record is straightforward. In August 2012, during prosecution of a Google patent application—one of thousands of Google applications[1]—a Patent Office examiner filed a "Notice of References Cited" listing 32 references. (Dkt. 23-21 at 15-17; *cf.* FAC ¶ 20.) Those 32 references did not include any of the four patents-in-suit or any application that issued as a patent-in-suit. In early 2013, patent counsel repackaged those same 32 references in Information Disclosure Statement ("IDS") filings for seven co-pending applications for the same inventor

[1] An online search on the USPTO website for patents and patent applications listing "Google" as assignee returns over 43,000 results. *See* https://ppubs.uspto.gov/basic/. On a Rule 12(b)(6) motion to dismiss, the Court may "take judicial notice of matters of public record." *Fuhr v. City of Sherman, Texas*, No. 4:21-CV-549-SDJ, 2022 WL 828926, at *2 (E.D. Tex. Mar. 18, 2022) (citing *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) & *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

(Robert Cypher), consistent with standard Patent Office practice.[2] (Dkt. 23-22 at 33-34, 38-39, 41-42, 46-47, 49-50, 54-55, 56-57, 60-64, 68-72; *cf*. FAC ¶¶ 19, 21.)

That routine Patent Office filing activity is the complete extent of the alleged pre-suit record involving Google. The FAC does not allege that Google or the Patent Office ever cited or discussed Pivot3, its products, or the patents-in-suit.

With no plausible basis to allege that Google had pre-suit knowledge of the patents-in-suit, Cypresswood concocts a highly implausible conspiracy theory. Specifically, the 32 references cited by the examiner included four references to "Galloway et al." (three patents and one application), as shown below:

| | | | |
|---|---|---|---|
| ***Notice of References Cited*** | Application/Control No. 12/748,066 | Applicant(s)/Patent Under Reexamination CYPHER, ROBERT | |
| | Examiner JOHN J. TABONE JR | Art Unit 2117 | Page 1 of 3 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-8,213,205 | 07-2012 | Rajan, Suresh Natarajan | 365/51 |
| * | B | US-2003/0149750 | 08-2003 | Franzenburg, Alan M. | 709/220 |
| * | C | US-2009/0265578 | 10-2009 | Baloun et al. | 714/6 |
| * | D | US-8,090,792 | 01-2012 | Dubnicki et al. | 709/217 |
| * | E | US-6,151,641 | 11-2000 | Herbert, Brian K. | 710/22 |
| * | F | US-6,216,247 | 04-2001 | Creta et al. | 714/763 |
| * | G | US-2012/0131383 | 05-2012 | Galloway et al. | 714/6.22 |
| * | H | US-8,176,247 | 05-2012 | Galloway et al. | 711/114 |
| * | I | US-8,140,753 | 03-2012 | Galloway et al. | 711/114 |
| * | J | US-7,546,484 | 06-2009 | Sen et al. | 714/6.3 |
| * | K | US-8,145,865 | 03-2012 | Longinov et al. | 711/165 |
| * | L | US-7,624,229 | 11-2009 | Longinov, Vadim | 711/113 |
| * | M | US-8,082,393 | 12-2011 | Galloway et al. | 711/114 |

(Dkt. 23-21 at 15.) The FAC does not allege that the examiner discussed or relied upon any of the "Galloway et al." references. The Notice of References Cited does not mention "Pivot3"

[2] *See*, *e.g.*, USPTO Manual of Patent Examining Procedure ("MPEP") § 609, available at https://www.uspto.gov/web/offices/pac/mpep/s609.html (discussing IDS procedures). A few of the IDS filings included a handful of additional references beyond the 32 cited by the examiner.

anywhere. Nor does it suggest any association between "Galloway et al." and Pivot3. However, Cypresswood's FAC now alleges that those references to "Galloway et al." happened to be assigned to Pivot3. (FAC ¶¶ 15-16, 20.) With no basis, Cypresswood then leaps to unfounded accusations "***on information and belief***" that Google supposedly: (1) reviewed those references to Galloway et al., (2) determined that those references cite to or incorporate by reference the Pivot3 patent applications that issued as three of the patents-in-suit, (3) investigated those referenced applications and affirmatively "monitor[ed]" their status at the Patent Office, (4) "subjectively believed that there was a high probability that the Pivot3 applications identified in the Pivot3 References had issued as patents covering Pivot3's distributed RAID technology," and (5) deliberately (or recklessly) infringed and caused third-parties to infringe the issued claims of the patents-in-suit as "Google's engineers and patent personnel evaluated Pivot3's distributed RAID disclosures against Google's own distributed storage techniques." (FAC ¶¶ 12, 19-32.) These speculative accusations have no plausible support in the record or in common sense. The FAC's unfounded accusations are even more implausible given that Google repackaged in seven IDS filings the same 32 references cited by the examiner, but did <u>not</u> cite to the Patent Office any of the patents-in-suit or their applications.

Based on nothing more than those unfounded allegations, the FAC purports to claim that Google induced and contributed to infringement under 35 U.S.C. §§ 271(b)-(c) and willfully infringed the patents-in-suit prior to this lawsuit. (FAC ¶¶ 47-49, 58-60, 69-77, 80-82.)

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* at 678. Courts do "not accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citations omitted). Similarly, a court should "not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted). "Mere recital of the elements of a cause of action, and conclusory allegations are insufficient." *Auth Wallet, LLC v. Amarillo Nat'l Bank*, No. MO:24-CV-00064-DC, 2025 WL 5291542, at *1 (W.D. Tex. Feb. 28, 2025); *see also Interactive Content Engines, LLC v. Apple Inc.*, No. MO:25-CV-00353-DC, 2026 WL 2837235, at *2 (W.D. Tex. Aug. 5, 2026).

## IV. ARGUMENT

### A. Cypresswood Fails to Plausibly Allege Pre-Suit Knowledge of the Patents-in-Suit

"Claims of indirect infringement — that is, induced or contributory infringement — require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent." *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *9 (W.D. Tex. Aug. 22, 2023) (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015)). More specifically, "liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil*, 575 U.S. at 639 (citation omitted). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Id.*

Cypresswood's allegations of pre-suit knowledge of the patents-in-suit are woefully inadequate, and its claims for pre-suit induced and contributory infringement should be dismissed. As explained above, the records provided with the FAC indicate that no patent-in-suit was cited to

or by Google during prosecution at the Patent Office. The FAC merely alleges that non-asserted patents/applications were cited by an examiner to Google (and subsequently repackaged by Google in IDS filings) as part of routine Patent Office activity. It is well-settled that mere citation to non-asserted patents, or general reference to a patent portfolio, does not plausibly indicate that a defendant had knowledge of any specific asserted patent. *See*, *e.g.*, *Kirsch*, 2021 WL 4555802, at *2 ("Multiple district courts . . . have held that general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent.") (cleaned up); *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.,* No. W:13-CV-365, 2014 WL 2892285, at *6-7 (W.D. Tex. May 12, 2014) (holding that mere allegations that defendant "was aware of Plaintiff[']s portfolio of patents" was insufficient to plausibly allege knowledge of the asserted patents); *see also Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-CV-00207-JRG, 2024 WL 4980794, at *2 (E.D. Tex. Dec. 4, 2024) (holding that "Plaintiff's argument that Defendant knew of a related patent application does not plausibly show that Defendant knew of the asserted patents"); *Velocity Commc'n Techs., LLC v. Oneplus Tech. (Shenzhen) Co.*, No. 5:25-CV-98-RWS, 2026 WL 1552797, at *4 (E.D. Tex. Apr. 13, 2026) (explaining that "general knowledge of a patent portfolio" is insufficient to plausibly allege knowledge of an asserted patent); *Fujifilm Corp. v. Eastman Kodak Co.*, No. 2:24-cv-04017-MCA-JSA, 2025 WL 5285604, at *2 (D. N. J. Feb. 19, 2025) (noting that citation to European counterpart of the asserted patent during prosecution of defendant's patent was insufficient to plead pre-suit knowledge of the asserted patent); *Densys Ltd. v. Align Tech. Inc.*, No. CV 25-768-GBW, 2026 WL 1506566, at *14 (D. Del. May 29, 2026) (noting that citation of a patent that "shares substantial portions of its specification" with the asserted patent and of a European patent that claims priority to the same application as the asserted patent were insufficient to plausibly plead pre-suit knowledge of the asserted patent).

Furthermore, even if the patents-in-suit themselves had been cited during prosecution of a Google patent application—which the FAC does not allege—that would not be enough to plausibly allege knowledge of the patents-in-suit for purposes of claiming infringement. *See Palisade Techs., LLP v. Micron Tech., Inc.*, No. 7:24-CV-00262-DC-DTG, 2025 WL 5285581, at *3 (W.D. Tex. July 24, 2025), *adopted*, 2025 WL 2380729 (W.D. Tex. Aug. 15, 2025) (dismissing claims for pre-suit indirect infringement and willfulness because "the citation of an asserted patent by an examiner during prosecution of an eventually issued patent is insufficient to show pre-suit knowledge of the asserted patent at the pleading stage"); *RFCyber Corp. v. Apple Inc.*, No. 6:21-CV-00916-ADA, 2022 WL 22891200, at *2 (W.D. Tex. Sept. 12, 2022) (finding allegations that "two of the asserted patents were cited during prosecution of [defendant's] patents" was insufficient to "support an allegation of pre-suit knowledge of the patents"). Here, according to the Patent Office records presented with the FAC, no patent-in-suit was ever cited to or by Google. The non-asserted patents and application assigned to Pivot3 were merely identified by a Patent Office examiner among a list of 32 references, as opposed to originating from Google. Cypresswood misleadingly alleges that "Google did not merely receive the Pivot3 References from an examiner—Google itself repeatedly cited them" (FAC ¶ 21), as if Google focused specifically on those four references, but the record shows that Google's outside patent counsel simply repackaged wholesale the entire set of 32 references that originated from the examiner. (Dkt. 23-22 at 33-34, 38-39, 41-42, 46-47, 49-50, 54-55, 56-57, 60-64, 68-72); *see also* MPEP § 609 ("[T]he filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability").

In addition to this deficiency as a matter of law, Cypresswood's baseless conspiracy theory that "on information and belief," Google secretly investigated, reviewed, and monitored Pivot3

patent applications would require the Court to "speculate beyond a reasonable inference." *Flypsi, Inc. v. Google LLC*, No. 6:22-CV-0031-ADA, 2022 WL 3593053, at *5 (W.D. Tex. Aug. 22, 2022) (explaining that courts "will not entertain inferential connections" merely supported by "on information and belief" allegations); *see also EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *5 (W.D. Tex. Apr. 26, 2022) (finding that "conclusory allegation" of "actual knowledge" unsupported by specific "factual allegation" was not sufficient to support an allegation of pre-suit knowledge of asserted patent); *Interactive Content Engines*, 2026 WL 2837235, at *2 (noting that courts do not credit "naked assertions" devoid of "further factual enhancement") (citation omitted). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64; *see also, e.g.*, *Bartonfalls LLC v. Turner Broadcasting Sys., Inc.*, No. 2:16-cv-1127-JRG-RSP, 2017 WL 1375205, at *2 (E.D. Tex. Mar. 15, 2017), *adopted*, 2017 WL 1319656 (E.D. Tex. Apr. 10, 2017) (relying in part on "common sense" to "readily conclude that plaintiff's infringement allegations are implausible on their face"). Nothing in the FAC or its exhibits plausibly supports an inference that Google specifically focused on the four Pivot3 references out of the 32 references the examiner cited, let alone that Google supposedly went even further and allegedly investigated every patent application cited or incorporated by those four references, monitored their status, and deliberately infringed the claims of patents that issued from them.

Furthermore, even if the applications corresponding to one or more of the patents-in-suit were incorporated by reference into the cited "Pivot3 References," as Cypresswood alleges, those incorporated applications themselves are not issued patents with enforceable claims. Cypresswood's theory wrongly presupposes an affirmative duty—to first review all applications

incorporated into references that have been cited by a Patent Office examiner, and then to monitor whether all those applications issued as enforceable patents—that the law does not require. *See* MPEP § 609 ("There is no requirement that an applicant for a patent make a patentability search."). Indeed, courts have rejected similar speculative allegations about monitoring patent applications. For example, in *RFCyber*, the plaintiff argued that "because [defendant] was already aware of [the] applications [that issued as the patents-in-suit], it is highly plausible that [defendant] would monitor the respective applications and become aware of those patents when they issued." *RFCyber*, 2022 WL 22891200, at *2. The court rejected that argument, holding that mere knowledge of the pre-issuance applications did not constitute "sufficient facts that would support an allegation of pre-suit knowledge of the [asserted] patents." *Id.* Here, Cypresswood's theory is even more implausible because, even if the applications that issued as the patents-in-suit were incorporated-by-reference in one or more of the cited Pivot3 references, those applications themselves were not cited by the examiner or by Google, and there is no indication that Google was aware that any of those applications issued as the patents-in-suit.

The remainder of the FAC's allegations cannot save the complaint because they do not plausibly allege that Google had pre-suit knowledge of the patents-in-suit. For example, the allegation that Google operates its own "Google Patents search service (patents.google.com)" (FAC ¶ 23; *see also id.*, ¶ 25) does not make Cypresswood's out-of-whole-cloth fabrications any more plausible when the record shows that Google's outside patent counsel merely re-disclosed the same list of 32 references cited by an examiner. *See also Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-CV-360-MHS, 2014 WL 12378804, at *3-4 (E.D. Tex. Oct. 14, 2014) (explaining that indirect infringement requires "*actual* knowledge, not just *constructive* knowledge based on issuance and publication of a patent") (italics in original). It is also immaterial that Pivot3

allegedly marked its commercial products with patent numbers (FAC ¶¶ 29, 44, 55, 66) because the FAC does not plead facts to plausibly allege that Google was aware of Pivot3 or its commercial products. *See Lemko Corp. v. Microsoft Corp.*, No. 3:22-CV-363-L-BT, 2024 WL 3798217, at *7 (N.D. Tex. July 29, 2024), *adopted*, 2024 WL 3806350 (N.D. Tex. Aug. 13, 2024) (holding that "the existence of patent-marked products by itself," without "factual detail indicating that Defendants knew about or had access to the products bearing the relevant patent markings," does not plausibly allege actual knowledge of the patents-in-suit).

In sum, Cypresswood's bare and unsupported "on information and belief" allegations fail to plausibly plead pre-suit knowledge of the patents-in-suit.

### B. Cypresswood Fails to Plausibly Allege Pre-Suit Knowledge of Infringement

In addition to failing to allege any facts plausibly indicating that Google had pre-suit knowledge of the patents-in-suit, the FAC also fails to plausibly allege that Google knowingly infringed the patents-in-suit. Given that knowledge of a patent and knowledge of infringement are "distinct elements" for purposes of indirect infringement, "without more factual allegations supporting knowledge of infringement, the pleading standard is not met." *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021).

Tellingly, the FAC does not allege that Cypresswood or Pivot3 ever notified Google "that it infringed the Asserted Patents or identified [the Google] products accused of infringement here." *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022). The FAC falls far short of even plausibly alleging that Google was aware of any patent-in-suit before this lawsuit was filed—but even if it did (which it does not), "mere knowledge of the Asserted Patents is not enough to establish knowledge of direct or indirect infringement." *See CTD Networks*, 2023 WL 5417141, at *10 (citation modified).

Beyond its citation to routine Patent Office activities, the FAC does not plausibly allege that Google became aware of any alleged infringement. The FAC makes conclusory allegations that "***[o]n information and belief***, when Google identified the Pivot3 References as relevant to its own distributed storage applications, Google's engineers and patent personnel evaluated Pivot3's distributed RAID disclosures against Google's own distributed storage techniques." (FAC ¶ 31.) But nothing in the FAC remotely supports this highly implausible speculation. *Flypsi*, 2022 WL 3593053, at *5 (courts "will not entertain inferential connections" merely supported by "on information and belief" allegations); *Iqbal*, 556 U.S. at 663-64 (explaining that plausibility must be evaluated using "common sense"); *Bartonfalls*, 2017 WL 1375205, at *2 (stating that "common sense" indicated that plaintiff's "allegations are implausible on their face"). Instead, the FAC shows that a Patent Office examiner merely cited four references to "Galloway et al." among 32 references that Google's outside patent counsel re-disclosed for co-pending applications to the same inventor. Notably, while the FAC characterizes these four references as "the Pivot3 References" and characterizes their technical subject matter (FAC ¶ 30), the FAC does not allege that, during prosecution of Google's patents, the examiner rejected any pending claims over those references or otherwise specifically discussed them in any substantive way. (Dkt. 23-21 at 15-17.)

Nothing in the examiner's routine listing of 32 references suggested that Google performed any investigation into those four references in particular, let alone investigation that would lead to knowledge of the patents-in-suit and supposed infringement of those patents. Indeed, the fact that neither the examiner nor Google specifically cited the patents-in-suit negates any inference that the patents-in-suit were actually reviewed and perceived as particularly significant, let alone knowingly infringed. *See BillJCo.*, 583 F. Supp. 3d at 777 (plaintiff's "reed-thin" pleadings cannot sufficiently plead pre-suit knowledge of infringement); *EMA Electromechanics*, 2022 WL

1241967, at *5 (finding that conclusory allegation unsupported by factual allegation was not sufficient to support an allegation of pre-suit knowledge); *see also Superior Indus., LLC v. Thor Glob. Enter. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of inducement and contributory infringement claims where plaintiff "does not allege any facts to support a reasonable inference that [Defendant] specifically intended to induce infringement of the [patent] or that it knew it had induced acts that constitute infringement"); *Inhale, Inc. v. Gravitron, LLC*, No. 1:18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (dismissing indirect infringement claim that "fail[ed] to raise a plausible inference that [the defendant] intended another party to infringe and knew of that party's infringement").

Cypresswood's "on information and belief" allegations, devoid of any factual support, are wholly insufficient to plead pre-suit knowledge of the alleged infringement.

### C. Cypresswood's Unsupported Willful Blindness Theory Cannot Salvage Its Deficient Claims

Cypresswood cannot salvage its deficient claims with its unsupported "willful blindness" theory. A showing of willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). The FAC alleges neither, and therefore fails to state a claim because "[m]erely pleading that the defendant was aware of a patent portfolio without more . . . is not enough." *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 729 (W.D. Tex. 2022); *see also Affinity Labs*, 2014 WL 2892285, at *6 (holding that "defendant's awareness of a plaintiff[']s patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss").

Cypresswood alleges that because of the prosecution history, "[a]t minimum, Google was willfully blind to the existence of the Asserted Patents. ***On information and belief***, Google

subjectively believed that there was a high probability that the Pivot3 applications identified in the Pivot3 References had issued as patents covering Pivot3's distributed RAID technology." (FAC ¶ 29.) Cypresswood further alleges that, "***[o]n information and belief***, Google repeatedly reproduced the Pivot3 References in its own submissions to the PTO to secure its own patents while deliberately refraining from reviewing the issued patents that those same references identified, and, ***on information and belief***, Google maintains a policy or practice of not reviewing the patents of others, including Pivot3's, for potential infringement." (*Id.*) To allege willful blindness of alleged infringement, Cypresswood alleges, without any factual support, that "[w]ith knowledge of the Asserted Patents and their claims, and with full knowledge of the architecture and operation of its own Colossus and Hyperdisk systems, Google knew—or at a minimum was willfully blind to the high probability—that the Accused Instrumentalities practice the methods claimed in the Asserted Patents." (*Id.*, ¶ 31.)

Cypresswood's allegations are even less plausible than those that courts have held to be insufficient to support knowledge of infringement. For example, in *Dialect*, plaintiff pleaded pre-suit willful blindness based on defendant's patent application citing a related parent application, a meeting where the patents' prior owner presented its general patent portfolio, and a pre-suit letter. *Dialect*, 2024 WL 4980794, at *3. The court held that the complaint "fail[ed] to allege that Defendant subjectively believed that there is a high probability that the asserted patents existed and took deliberate actions to avoid learning of the asserted patents." *Id.*; *see also Orion Labs Tech, LLC v. Sprinklr, Inc.*, No. A-25-CV-1100-RP, 2026 WL 653591, at *5-6 (W.D. Tex. Jan. 28, 2026), *adopted*, 2026 WL 641482 (W.D. Tex. Mar. 5, 2026) (dismissing pre-suit indirect infringement claims because plaintiff "pleaded no facts that support the existence of" "a policy of willful blindness"). Here, Cypresswood pleads willful blindness based only on an unsupported

daisy chain of inferences from routine Patent Office filings. Similar to *Orion Labs*, Cypresswood does not plead any facts to plausibly support the alleged existence of a "policy or practice of not reviewing the patents of others." (FAC ¶ 29.) Moreover, Cypresswood's allegations fare worse than *Dialect* as there are no allegations here of any meetings or letters of any kind to Google regarding the patents-in-suit or alleged infringement. On this record, the FAC does not plausibly allege subjective belief of the alleged infringement or that Google took deliberate actions to avoid learning of the asserted patents, the absence of which is "dispositive." *Dialect*, 2024 WL 4980794, at *3. The claims for pre-suit indirect infringement should, therefore, be dismissed.

### D. Cypresswood Fails to Plausibly Allege Pre-Suit Willful Infringement

Cypresswood fails to plausibly allege pre-suit willful infringement for substantially the same reasons as its deficient indirect infringement claims. "To state a claim for willful infringement, the plaintiff must plausibly allege the 'subjective willfulness of a patent infringer, intentional or knowing.'" *Palisade*, 2025 WL 5285581, at *1 (quoting *Halo Elecs. Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 105 (2016)). Willful infringement requires a showing that the defendant "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Network Sys. Techs., LLC v. Sk Hynix Inc.*, No. 1:25-CV-1647-ADA, 2026 WL 1920396, at *2 (W.D. Tex. July 2, 2026) (citation omitted). None of those things are plausibly alleged here.

Cypresswood fails to plausibly allege pre-suit knowledge of the patents-in-suit and pre-suit knowledge of alleged infringement for the same reasons explained previously. The FAC alleges that "Defendant's infringement of the [asserted patent] has therefore been, and continues to be, willful[.]" (FAC ¶¶ 49, 60, 71, 82.) But as discussed previously, Cypresswood provides no plausible factual allegations, aside from the Patent Office records and unsupported "on information and belief" allegations addressed above, to support this conclusory allegation. *See also Intell.*

*Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2019 WL 13535668, at *1 (E.D. Tex. Jan. 8, 2019) ("[K]nowledge of the patent family is too attenuated to meet the threshold to give Defendants reasonable notice of the Patents-in-Suit as an underpinning to a potential willfulness finding."). Cypresswood's bare allegations that merely recite the elements of willful infringement cannot sustain a claim for willful infringement. *Orion Labs*, 2026 WL 653591, at *6 (dismissing willful infringement claim because plaintiff did not plead the "culpability required for willfulness"); *Palisade*, 2025 WL 5285581, at *3 (dismissing pre-suit willful infringement claim for failure to plausibly allege pre-suit knowledge); *Network Sys. Techs.*, 2026 WL 1920396, at *2 (same). If Cypresswood or Pivot3 believed Google was infringing, they could have notified Google of the alleged infringement long before filing this lawsuit. Notably, Cypresswood's infringement charts rely heavily on a public online Google blog post dated April 19, 2021—more than five years before this lawsuit—but the FAC does not allege that Cypresswood or Pivot3 ever contacted Google. (*See* Dkts. 23-5, 23-6, 23-7, 23-8, *passim*, citing https://cloud.google.com/blog/products/storage-data-transfer/a-peek-behind-colossus-googles-file-system).

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the FAC's claims for pre-suit indirect and willful infringement.

Dated: November 2, 2026

COOLEY LLP

By: /s/ *Heidi L. Keefe*

Heidi L. Keefe (CA Bar No. 178960)
hkeefe@cooley.com
Reuben H. Chen (CA Bar No. 228725)
rchen@cooley.com
Lowell D. Mead (CA Bar No. 223989)
lmead@cooley.com
Andrew Lau (CA Bar No. 347563)
(admitted *pro hac vice*)
andrew.lau@cooley.com
HanByul Chang (CA Bar No. 353836)
(admitted *pro hac vice*)
hanbyul.chang@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

Eamonn Gardner (CA Bar No. 310834)
egardner@cooley.com
Cooley LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: +1 720 566-4000
Facsimile: +1 720 566 4099

Matthew Ritter (DC Bar No. 90036549)
(admitted *pro hac vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Ste, 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Michael E. Jones (Tex. Bar No. 24001351)
mikejones@potterminton.com
Shaun W. Hassett (Tex. Bar No. 24074372)
shaunhassett@potterminton.com
Potter Minton
102 North College Suite 900
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

*Attorneys for Defendant*
*Google LLC*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Section VII of the Court's Standing Order Governing Proceedings (OGP) 4.4—Patent Cases, Defendant Google LLC hereby certifies that it conferred with Plaintiff Cypresswood Solutions LLC on October 26, 2026, to discuss dismissing the pre-suit indirect and willful infringement claims to obviate the present motion to dismiss. Plaintiff did not offer to dismiss the pre-suit indirect and willful infringement claims without prejudice and stated it would oppose the motion.

*/s/ Heidi L. Keefe*
Heidi L. Keefe

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on November 2, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via ECF.

*/s/ Heidi L. Keefe*
Heidi L. Keefe