**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| CYPRESSWOOD SOLUTIONS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 7:26-cv-00279-DC-DTG |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Plaintiff Cypresswood Solutions LLC ("Cypresswood") and Defendant Google LLC ("Google") (together, the "Parties") submit this Joint Rule 26 Report in a form that substantially conforms with Appendix N to the Local Rules, as required by Local Rule CV-16 and the Court's Order Setting Initial Pretrial Conference Held in Person (Dkt. 18). Counsel for the Parties conferred as required by Federal Rule of Civil Procedure 26(f) on October 26, 2026. The Parties are concurrently filing their proposed Scheduling Order and will jointly email a Word version to chambers as Dkt. 18 directs.

The proposed Scheduling Order follows the exemplary schedule in Appendix A to the Court's Standing Order Governing Proceedings,[1] with the November 18, 2026 Initial Pretrial Conference serving as the Case Management Conference ("CMC"). By agreement, the Parties have adjusted three pre-Markman deadlines: (1) Google's preliminary invalidity contentions and technical document production, from January 6, 2027 to January 19, 2027; (2) the exchange of

[1]Standing Order Governing Proceedings (OGP) 4.4—Patent Cases (W.D. Tex. Jan. 23, 2024) (Albright, J.; Gilliland, M.J.) (the "OGP"). The OGP provides that the CMC is "deemed to occur 14 days after the filing date of the CRSR." OGP § I. Because the Court has set the Initial Pretrial Conference for November 18, 2026 (Dkt. 18), the Parties have used that date as the CMC for purposes of the OGP's CMC-keyed deadlines, and they respectfully request that the Court do the same.

claim terms for construction, from January 20, 2027 to January 26, 2027; and (3) the exchange of proposed claim constructions, from February 3, 2027 to February 5, 2027. These adjustments account for the year-end holidays, and no other deadline moves as a result. The Markman hearing remains at the OGP default of 23 weeks after the CMC (April 28, 2027). The parties' proposed post-Markman schedule follows the OGP default schedule except for the following adjustments that all account for holiday periods: (1) the close of fact discovery from November 24, 2027 to November 23, 2027; (2) the service of opening expert reports from December 1, 2027 to December 8, 2027; and (4) the service of rebuttal expert reports from January 5, 2028 to January 19, 2028. The parties propose a trial date of May 17, 2028.

**1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

No. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This case was not removed, so the amount-in-controversy question does not apply.

**2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

No. Google was served on July 29, 2026 (Dkt. 6) and has appeared through counsel (Dkts. 9, 10, 13–15). There are no unserved parties.

**3. What are the causes of action, defenses, and counterclaims pled?**

a. **Cypresswood's claims.** Cypresswood's First Amended Complaint (Dkt. 23, the "FAC") asserts four counts of patent infringement against Google, one for each of U.S. Patent Nos. 8,090,909 (the "'909 patent"), 8,219,750 (the "'750 patent"), 8,239,624 (the "'624 patent"), and 9,086,821 (the "'821 patent") (together, the

"Asserted Patents"). Dkt. 23 ¶ 1 & Counts I–IV. The Accused Instrumentalities for each Asserted Patent are, without limitation, the servers, relays, computers, and other infrastructure used to operate Google Cloud, including Colossus and Hyperdisk, and all versions and variations thereof since the patent issued. *Id.* ¶¶ 41, 52, 63, 74. Cypresswood presently asserts only method claims of each Asserted Patent. *Id.* ¶¶ 44, 55, 66, 77. The FAC charts exemplary claim 4 of the '909 patent, claim 5 of the '750 patent, claim 8 of the '624 patent, and claim 13 of the '821 patent. *Id.* ¶¶ 46, 57, 68, 79 & Exs. 5–8. Cypresswood will identify all asserted claims in its Preliminary Infringement Contentions.

b. For each Asserted Patent, Cypresswood alleges direct infringement under 35 U.S.C. § 271(a), literally and under the doctrine of equivalents; induced infringement under § 271(b); contributory infringement under § 271(c); and willful infringement. Cypresswood seeks a judgment of infringement; a permanent injunction; damages adequate to compensate for the infringement, including a reasonable royalty, together with pre- and post-judgment interest, costs, and supplemental damages; enhanced damages under 35 U.S.C. § 284; and a finding that this case is exceptional with an award of attorneys' fees under 35 U.S.C. § 285. Dkt. 23, Prayer for Relief.

c. **Google's defenses and/or counterclaims.** Google has filed a motion to dismiss the FAC and has not yet filed an answer. Google denies Cypresswood's allegations of infringement and expects to plead defenses when it files its answer in due course.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time. The Parties will continue to confer about potential stipulations as the case proceeds, including stipulations that could narrow disputes over authenticity or the admissibility of documents.

**5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

The Parties agree that initial disclosures under Rule 26(a)(1) will be served one business day after the proposed date for the Markman hearing (April 29, 2027), consistent with Appendix A to the OGP and the proposed Scheduling Order. The Parties do not propose any other change to the form or requirement of Rule 26(a) disclosures. The OGP's patent-specific disclosures will proceed as set out in the proposed Scheduling Order: Cypresswood will serve its Preliminary Infringement Contentions, identify the priority date for each asserted claim, and produce conception and reduction-to-practice documents and file histories by November 10, 2026; and Google will serve its Preliminary Invalidity Contentions and produce the cited prior art and technical documents sufficient to show the operation of the accused products by January 19, 2027.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties agree that discovery should proceed in the phases the OGP contemplates. Before the Markman hearing, discovery is limited to the contention and document exchanges described above and to claim-construction, venue, and jurisdictional discovery. OGP § III. Fact discovery opens one business day after the proposed date for the Markman hearing (April 29, 2027) and closes November 23, 2027. Expert discovery closes February 9, 2028.

**Cypresswood's position.** Cypresswood anticipates that discovery will be needed on at least the following subjects:

i. the design, architecture, development, deployment, and operation of the Accused Instrumentalities, including Colossus and Hyperdisk, including source code and technical documentation;

ii. the location and use of the Accused Instrumentalities in the United States, including data-center infrastructure;

iii. Google's knowledge of the Asserted Patents and related Pivot3 patents and applications, including in connection with the prosecution of Google's own patent applications;

iv. Google's documentation, instructions, marketing, and support provided to customers and others regarding the Accused Instrumentalities;

v. usage, revenue, cost, profit, and other financial information related to the Accused Instrumentalities and the products and services that rely on them;

vi. Google's licenses and other agreements relevant to a reasonable royalty, and other information relevant to damages;

vii. Google's non-infringement, invalidity, and other defenses and any counterclaims; and

viii. claim construction and expert discovery.

**Google's position.** Google has not yet filed its answer. At this time, Google anticipates that discovery will be needed on at least the following subjects:

i. Cypresswood's infringement contentions and related discovery;

ii. prior art and associated discovery relevant to the invalidity of the asserted claims of the Asserted Patents;

iii. discovery relevant to Cypresswood's damages claim and Google's rebuttal thereto;

iv. discovery relevant to defenses to be pleaded in Google's answer; and

v. claim construction and expert discovery.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties are not aware of any issues regarding preservation of discoverable information at this time, and each Party has taken steps to preserve relevant information. Consistent with OGP § III, the Parties will not be required to conduct a general search and production of email or other email-related ESI absent a showing of good cause; a Party that believes targeted email discovery is necessary will propose custodians and search terms under the OGP procedure. The Parties will confer on, and anticipate jointly submitting, an order governing the form of production of non-email ESI (including image and native formats, load files, and metadata fields) before fact discovery opens. Source code will be made available for inspection under the procedures in the Protective Order.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties agree that privileged documents created on or after July 24, 2026 (the date the original Complaint was filed) need not be logged. The Parties anticipate that the Protective Order will include a clawback provision for inadvertently produced privileged or protected material and an order under Federal Rule of Evidence 502(d).

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

The Parties propose that the discovery limits in OGP § III govern: 30 interrogatories per side; 45 requests for admission per side; 75 requests for production per side; 70 hours of fact deposition testimony per side (party and non-party witnesses combined); and 7 hours of deposition per expert report. Venue and jurisdictional discovery, if any, will be subject to the limits in OGP § V. The Parties do not propose any other change at this time, and each Party reserves the right to seek modification for good cause.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

i. **Protective Order.** As the Court directed (Dkt. 18), the Parties have addressed whether a protective order is required. They agree that one is, given the confidential technical and financial information (including source code) that discovery will involve. The parties have agreed to negotiate a protective order in good faith. Until the Court enters a case-specific protective order, the interim protective order in OGP § VIII governs.

ii. **Discovery disputes.** The Parties agree to follow the discovery-dispute procedures in OGP § IV.

iii. **Technical advisor.** As stated in the Parties' Case Readiness Status Report (Dkt. 22), Cypresswood requests that the Court appoint a technical advisor. Google does not object, but requests the opportunity to object to any proposed advisor in the event of a potential conflict of interest.

**6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has been exchanged to date. Cypresswood will serve its Preliminary Infringement Contentions and accompanying documents by November 10, 2026. All other discovery remains, and it will proceed in the phases described in Section 5(B) and the proposed Scheduling Order: preliminary contentions and claim-construction discovery before the Markman hearing, fact discovery after it, and then expert discovery.

**7. What, if any, discovery disputes exist?**

None at this time.

**8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

Yes. The Parties anticipate that the proposed Protective Order will include an order under Federal Rule of Evidence 502(d). *See* Section 5(D), above.

**9. Have the parties discussed mediation?**

The parties do not believe mediation is appropriate at this time but will continue to meet and confer on the matter in good faith.

**10. Are there any pending motions, and if so, does either party desire a hearing?**

a. **Google's Motion to Dismiss (Dkt. 11).** On October 5, 2026, Google moved under Rule 12(b)(6) to dismiss the claims of pre-suit indirect infringement and pre-suit willful infringement in the original Complaint. Cypresswood then filed its First Amended Complaint as a matter of course (Dkt. 23).[2] The parties agree that the FAC supersedes the original Complaint and that Dkt. 11 is therefore moot.

---

[2]Google's original motion was directed to the original Complaint (Dkt. 1). Cypresswood filed its First Amended Complaint on October 19, 2026, fourteen days after service of Google's Rule 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1)(B).

b. **Google's Renewed Motion to Dismiss (Dkt. 24).** On November 2, 2026, Google filed a renewed motion to dismiss the FAC's pre-suit indirect and willful infringement claims, and the Parties met and conferred on October 26, 2026 under OGP § VII. Cypresswood will oppose the motion. The parties do not request a hearing on the motion though would be happy to present oral argument if it would be helpful.

**ADDITIONAL APPENDIX N ITEMS**

a. **Legal issues that can be narrowed by agreement or by motion (App. N, Item 5).** None at this time, apart from the pleading issues addressed in Section 10. The OGP's two narrowing meet-and-confers on asserted claims and prior art (by the dates set forth in the proposed Scheduling Order) are expected to narrow the case before trial.

b. **Preservation; ESI; initial disclosures; subjects of discovery (App. N, Items 6–9).** See Sections 5(A)–(C).

c. **Confidentiality and protective order; other scheduling or discovery items (App. N, Item 14).** See Section 5(F). The Parties have no other scheduling or discovery items requiring the Court's attention at this time.

Dated: November 6, 2026

*/s/ Benjamin T. Wang*
Benjamin T. Wang
bwang@raklaw.com
Marc A. Fenster
mfenster@raklaw.com
Paul Kroeger
pkroeger@raklaw.com
Neil Rubin

*/s/ Heidi L. Keefe*
Heidi L. Keefe (CA Bar No. 178960)
hkeefe@cooley.com
Reuben H. Chen (CA Bar No. 228725)
rchen@cooley.com
Lowell D. Mead (CA Bar No. 223989)
lmead@cooley.com
Andrew Lau (*pro hac vice*)

nrubin@raklaw.com
Joshua Scheufler
jscheufler@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474

Andrea L. Fair
State Bar No. 24078488
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
E-mail: andrea@millerfairhenry.com

*Attorneys for Plaintiff*
*Cypresswood Solutions LLC*

andrew.lau@cooley.com
HanByul Chang (*pro hac vice*)
hanbyul.chang@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: +1 650 843 5000

Eamonn Gardner (CA Bar No. 310834)
egardner@cooley.com
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO 80202

Matthew Ritter (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Ste. 700
Washington, DC 20004-2400

Michael E. Jones (Tex. Bar No. 24001351)
mikejones@potterminton.com
Shaun W. Hassett (Tex. Bar No. 24074372)
shaunhassett@potterminton.com
POTTER MINTON
102 North College, Suite 900
Tyler, TX 75702
Telephone: 903-597-8311

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Benjamin T. Wang*
Benjamin T. Wang