**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| CYPRESSWOOD SOLUTIONS LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 7:26-cv-00279-DC-DTG |
| | § | |
| GOOGLE LLC, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**
**FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................................................................................ 1

II. REPLY ARGUMENT ................................................................................................. 1

A. Cypresswood Fails to Plausibly Allege Pre-Suit Knowledge of the Patents-in-Suit and Knowledge of Infringement ........................................................... 1

1. Cypresswood's theory of pre-suit culpability is not plausible................... 1

2. Cypresswood's cited cases are distinguishable......................................... 5

B. Cypresswood's Unsupported Willful Blindness Theory Cannot Salvage Its Deficient Claims ......................................................................................... 8

C. The Court Should Deny Leave to Amend......................................................... 10

III. CONCLUSION.......................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Memory Techs., LLC v. SK Hynix Inc.*,
No. 2:24-cv-01078-JRG-RSP, 2026 WL 873230 (E.D. Tex. Mar. 20, 2026) ..........6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........3, 4, 5, 9

*Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*,
No. 2:21-CV-00034-JRG, 2021 WL 12310942 (E.D. Tex. Nov. 18, 2021) ..........6, 7

*Bartonfalls LLC v. Turner Broadcasting Sys., Inc.*,
No. 2:16-cv-1127-JRG-RSP, 2017 WL 1375205 (E.D. Tex. Mar. 15, 2017),
*adopted*, 2017 WL 1319656 (E.D. Tex. Apr. 10, 2017) ..........4

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022) ..........6

*Bowlby v. City of Aberdeen*,
681 F.3d 215 (5th Cir. 2012) ..........3

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
No. 6:13-cv-507, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015) ..........8

*Celonis SE v. SAP SE*,
No. 2:25-cv-01037-RWS, Dkt. 79 (E.D. Tex. Sept. 30, 2026) ..........7

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) ..........3

*Densys Ltd. v. Align Tech. Inc.*,
No. CV 25-768-GBW, 2026 WL 1506566 (D. Del. May 29, 2026) ..........5

*Dialect, LLC v. Bank of Am., N.A.*,
No. 2:24-CV-00207-JRG, 2024 WL 4980794 (E.D. Tex. Dec. 4, 2024) ..........5

*Edionwe v. Bailey*,
860 F.3d 287 (5th Cir. 2017) ..........10

*Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*,
No. 14-1430-LPS-CJB, 2015 WL 5725768 (D. Del. Sept. 29, 2015), *adopted*,
2016 WL 1274812 (D. Del. Mar. 31, 2016) ..........8

*Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*,
No. 7:19-cv-00026-DC, 2019 WL 3818049 (W.D. Tex. June 13, 2019) ..........7, 8, 10

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Fujifilm Corp. v. Eastman Kodak Co.*,
No. 2:24-cv-04017-MCA-JSA, 2025 WL 5285604 (D.N.J. Feb. 19, 2025) ....5

*Gentilello v. Rege*,
627 F.3d 540 (5th Cir. 2010) ....10

*Iarnach Techs., Ltd. v. Charter Commc'ns, Inc.*,
No. 2:24-cv-00230-JRG, Dkt. 107 (E.D. Tex. Mar. 26, 2025)....6, 7

*Int'l Bus. Machines Corp. v. LzLabs GmbH*,
No. 6:22-CV-00299-ADA, 2023 WL 11916811 (W.D. Tex. Jan. 5, 2023) ....10

*Longhorn Auto. Grp., LLC v. Mitsubishi Motors Corp.*,
No. 2:24-CV-00685-JRG, 2025 WL 3706950 (E.D. Tex. Dec. 22, 2025)....9

*MR Techs. GmbH v. W. Digit. Techs., Inc.*,
No. 8:24-cv-01848-JVS-DFM, 2024 WL 5495289 (C.D. Cal. Dec. 5, 2024)....8

*Mullen Indus. LLC v. Meta Platforms, Inc.*,
No. 1:24-cv-354-DAE, 2025 WL 326402 (W.D. Tex. Jan. 29, 2025) ....10

*Network Sys. Techs., LLC v. Qualcomm Inc.*,
No. 1:22-cv-01331, 2023 WL 11833572 (W.D. Tex. July 21, 2023)....6, 7

*Network Sys. Techs., LLC v. SK Hynix Inc.*,
No. 1:25-CV-1647-ADA, 2026 WL 1920396 (W.D. Tex. July 2, 2026)....2, 3, 4

*Palisade Techs., LLP v. Micron Tech., Inc.*,
No. 7:24-CV-00262-DC-DTG, 2025 WL 5285581 (W.D. Tex. July 24, 2025),
*adopted*, 2025 WL 2380729 (W.D. Tex. Aug. 15, 2025)....3, 4

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
No. 2:16-cv-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ....6, 7

*RFCyber Corp. v. Apple Inc.*,
No. 6:21-CV-00916-ADA, 2022 WL 22891200 (W.D. Tex. Sept. 12, 2022) ....4

*Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*,
983 F. Supp. 2d 700 (E.D. Va. 2013) ....5

*Walker v. Beaumont Indep. Sch. Dist.*,
938 F.3d 724 (5th Cir. 2019) ....2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**Other Authorities**

37 C.F.R. § 1.56 ....................2

L.R. CV-7(b) ....................10

Rule 12(b)(6) ....................3

## I. INTRODUCTION

Cypresswood's opposition (Dkt. 28, "Opp.") confirms why dismissal is appropriate. It is undisputed that the patents-in-suit and the applications that issued as the patents-in-suit were not cited to or by the Patent Office. It is also undisputed that the examiner did not reject Google's applications over any of the Pivot3 references. As set forth in Google's motion (Dkt. 24, "Mot."), the relevant record shows only routine patent prosecution activity. The examiner listed 32 references, and counsel re-disclosed the same list in other applications to the same inventor.

Cypresswood nevertheless asks the Court to leap to an implausible inference that Google scrutinized indirect citation chains, located the asserted patents, and knowingly infringed them—yet concealed only those patents from the Patent Office, despite its duty of candor to disclose material information. Cypresswood's implausible theory of pre-suit culpability defies common sense and finds no support in the law. Cypresswood misstates the precedent of this Court (and its sister courts) and cites no case where similarly implausible allegations avoided dismissal. The Court should dismiss the FAC's claims for pre-suit indirect and willful infringement.

## II. REPLY ARGUMENT

### A. Cypresswood Fails to Plausibly Allege Pre-Suit Knowledge of the Patents-in-Suit and Knowledge of Infringement

#### 1. Cypresswood's theory of pre-suit culpability is not plausible.

Cypresswood does not allege that any patent-in-suit was ever cited by an examiner to Google or cited by Google to the Patent Office. Cypresswood also does not dispute the routine Patent Office prosecution activity that occurred here. In August 2012, during prosecution of a Google patent application, an examiner's Notice listed 32 references. *See* Mot. at 2–3. The list of 32 references did not include any patent-in-suit or any application that issued as a patent-in-suit. *Id.* The Notice did not reference Pivot3 and did not substantively discuss any Pivot3 patent or

application, and none of the Pivot3 references were the basis of any rejection. *Id.* at 3–4. Within weeks, counsel re-disclosed the examiner's list of 32 references in seven other pending applications to the same inventor. *Id.* at 2–3.

The Patent Office record thus shows what happened: counsel repackaged a list of 32 references cited by an examiner. It also shows what did not happen. As Cypresswood alleges, three of the patents-in-suit had already issued before the examiner's Notice in August 2012. Opp. at 10; FAC ¶¶ 24–26. But critically, the FAC does not allege that (i) the examiner cited those three already-issued patents-in-suit in the August 2012 Notice, or (ii) Google cited any patent-in-suit (or any application that issued as a patent-in-suit) during any patent prosecution.

Given this undisputed Patent Office record, Cypresswood fails to identify any well-pleaded facts plausibly supporting its theories of pre-suit indirect and willful infringement. On the contrary, its opposition only further highlights the lack of plausibility. According to the FAC, Google is a "sophisticated" patent applicant, and its prosecution personnel had a duty of candor under 37 C.F.R. § 1.56 to disclose to the Patent Office all information material to patentability. Opp. at 3, 7; FAC ¶¶ 21, 23. Cypresswood further alleges that the patents-in-suit address the same technical subject matters as the patent applications Google was prosecuting. Opp. at 14–15; FAC ¶ 30. Assuming those allegations are true, it would defy common sense that a sophisticated applicant would study—and knowingly infringe—the patents-in-suit, and repeatedly disclose references with indirect relationships to the patents-in-suit—all while concealing from the Patent Office its knowledge of those supposedly highly-relevant patents, despite the duty of candor. These accusations have no basis in the "common sense" employed in determining whether the FAC "states a plausible claim." *Network Sys. Techs., LLC v. SK Hynix Inc.*, No. 1:25-CV-1647-ADA, 2026 WL 1920396, at *1 (W.D. Tex. July 2, 2026) (quoting *Walker v. Beaumont Indep.*

*Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)) (dismissing pre-suit indirect and willfulness claims).

With no plausible basis to claim pre-suit indirect and willful infringement, Cypresswood distorts the law. It wrongly suggests that the Court must accept at face value the plaintiff's theory merely because it is stated in a complaint. Opp. at 5. But that is not the law. *See* Mot. at 4–5, 7–8 (citing cases). A plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference" of liability, and courts do not blindly accept "conclusory allegations or unwarranted deductions of fact." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) & *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). While "well-pleaded facts" are viewed in the plaintiff's favor on a Rule 12(b)(6) motion, the Court "disregards bare conclusory allegations" and determines whether the facts "allege a plausible claim for relief." *Palisade Techs., LLP v. Micron Tech., Inc.*, No. 7:24-CV-00262-DC-DTG, 2025 WL 5285581, at *1 (W.D. Tex. July 24, 2025), *adopted*, 2025 WL 2380729 (W.D. Tex. Aug. 15, 2025) (quoting *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) & *Iqbal*, 556 U.S. at 667–84). To avoid dismissal, a complaint must "permit a court to infer more than the mere possibility of misconduct" with factual allegations that "make relief plausible, not merely conceivable." *Network Sys.*, 2026 WL 1920396, at *1 (citations omitted).

Thus, the question for the Court is this: is it <u>plausible</u> that a sophisticated patent applicant studied all 32 references that were merely listed in a Notice and not substantively discussed; determined that four of them cite related applications; determined that three related applications had already issued as patents; reviewed those patents; believed they were highly relevant; and knowingly infringed their claims (and monitored a fourth application for years until it issued and then infringed that patent)—and despite all that, repeatedly disclosed to the Patent Office only the same list of 32 references from the examiner while not disclosing the purportedly-highly-relevant,

allegedly-infringed patents? The answer is no. The FAC fails to state a "plausible" claim of pre-suit culpability. *See Iqbal*, 556 U.S. at 663–64; *see also Network Sys.*, 2026 WL 1920396, at *1. The FAC's accusations are plainly "implausible on their face." *See Bartonfalls LLC v. Turner Broadcasting Sys., Inc.*, No. 2:16-cv-1127-JRG-RSP, 2017 WL 1375205, at *2 (E.D. Tex. Mar. 15, 2017), *adopted*, 2017 WL 1319656 (E.D. Tex. Apr. 10, 2017).

Cypresswood also misstates the precedent of this Court. This Court has held that even where a patent-in-suit itself is expressly cited in prosecution, "the citation of an asserted patent by an examiner during prosecution of an eventually issued patent is insufficient to show pre-suit knowledge of the asserted patent at the pleading stage." *Palisade*, 2025 WL 5285581, at *3; *see* Mot. at 7. Contrary to Cypresswood's briefing, *Palisade* did not merely involve an "examiner citation of a not-yet-issued patent." Opp. at 18. In *Palisade*, "[t]he plaintiff alleges that the defendants had knowledge of the '838 patent"—an issued patent-in-suit—after a Patent Office "examiner cited the '838 patent against the defendants'" own pending application. *Palisade*, 2025 WL 5285581, at *3 & n.1. But that was "insufficient to show pre-suit knowledge of the asserted patent at the pleading stage." *Id.* at *3 (citing *RFCyber Corp. v. Apple Inc.*, No. 6:21-CV-00916-ADA, 2022 WL 22891200, at *2 (W.D. Tex. Sept. 12, 2022)). Similarly, in *RFCyber*, the plaintiff alleged that "two of the asserted patents were cited during prosecution of certain Apple patents," but the Court held that was insufficient to "support an allegation of pre-suit knowledge of the patents." 2022 WL 22891200, at *2.

Cypresswood's allegations are even more deficient than the deficient allegations in *Palisade* and *RFCyber* because no patent-in-suit was cited in prosecution here—not even the '909, '624, and '750 patents that issued before the examiner's August 2012 Notice. The record here renders it even more implausible that Google supposedly studied and infringed the already-issued

patents but concealed its knowledge despite the duty of candor. *See Iqbal*, 556 U.S. at 678.

**2. Cypresswood's cited cases are distinguishable.**

Cypresswood cites no case where similarly implausible allegations avoided dismissal. Courts consistently hold that mere citation to related patents or applications does not plausibly support an allegation that the defendant had knowledge of a patent-in-suit. *See* Mot. at 6 (citing cases). The courts in *Dialect*, *Fujifilm*, and *Densys* all granted dismissal on this fact pattern. *Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-CV-00207-JRG, 2024 WL 4980794, at *2 (E.D. Tex. Dec. 4, 2024); *Fujifilm Corp. v. Eastman Kodak Co.*, No. 2:24-cv-04017-MCA-JSA, 2025 WL 5285604, at *2 (D.N.J. Feb. 19, 2025); *Densys Ltd. v. Align Tech. Inc.*, No. CV 25-768-GBW, 2026 WL 1506566, at *14 (D. Del. May 29, 2026). There is no merit in Cypresswood's attempt to distinguish these cases by alleging that four references in the examiner's list incorporated or cited applications that had already issued as patents and noting that Google re-disclosed the examiner's list across seven other applications. Opp. at 12–13. On the contrary, those allegations only make Cypresswood's theory more implausible, as explained previously.

Cypresswood's uniquely implausible theory distinguishes its cited cases. Opp. at 9. In *Virginia Innovation*, an examiner referenced a certain patent in a Notice of Allowability, and the court found it reasonable to infer the applicant would have reviewed that patent and a parent patent listed on its face. *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 712 (E.D. Va. 2013). But there was no allegation that the applicant there re-disclosed certain references to the Patent Office. By contrast here, Cypresswood relies on Google re-disclosing the examiner's list of 32 references to support an inference of investigation and knowledge but ignores that Google did not add any citation to any patent-in-suit as a result of that alleged investigation. In addition, *Virginia Innovation* addressed only the question of knowledge of the patent, not the additional issue of plausibly claiming knowledge of infringement. *See id.*; Mot. at 10–12. Here,

Cypresswood's conspiracy theory of secret culpability is implausible and self-defeating.

Cypresswood's other cases are similarly distinguishable. Several inapposite decisions involved *express* citations to asserted patents, unlike here. *See Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032-JRG, 2017 WL 8727249, at *5 (E.D. Tex. Sept. 22, 2017) (relying on allegations that applicants "cited the [asserted] Patent more than 50 times in their patent applications" to plausibly infer their knowledge of the asserted patent); *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776 (W.D. Tex. 2022) (finding that the allegation that "the USPTO cited the '267 patent during prosecution of one of Apple's patent applications . . . supports the inference that Apple knew of the '267 patent"); *Iarnach Techs., Ltd. v. Charter Commc'ns, Inc.*, No. 2:24-cv-00230-JRG, Dkt. 107 ("*Iarnach Techs.* Order") at 10 (E.D. Tex. Mar. 26, 2025) (holding that Charter's citation to an asserted patent during prosecution of its own patent supported an inference of knowledge). Here, the FAC does not allege that Google cited the patents-in-suit to the USPTO (*cf. Plano Encryption Techs.* and *Iarnach Techs.*) nor that the examiner's August 2012 Notice (or any other notice) cited the patents-in-suit to Google (*cf. BillJCo*).

Other irrelevant decisions involved citations to the applications that eventually issued as patents that were later asserted in litigation. *See Network Sys. Techs., LLC v. Qualcomm Inc.*, No. 1:22-cv-01331, 2023 WL 11833572, at *8 (W.D. Tex. July 21, 2023) (finding pre-suit knowledge plausibly alleged where defendant cited the asserted patent's publication during its own prosecution); *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 2:21-CV-00034-JRG, 2021 WL 12310942, at *3 (E.D. Tex. Nov. 18, 2021) (finding knowledge plausibly alleged where "the FAC alleges that Nokia Corporation was aware of the '284 Patent through its citation to the '284 application during the prosecution of its own patent," "[t]aken together" with other allegations of notice); *Advanced Memory Techs., LLC v. SK Hynix Inc.*, No. 2:24-cv-01078-JRG-

RSP, 2026 WL 873230, at *4 (E.D. Tex. Mar. 20, 2026) (relying on examiner citations to applications that issued as the asserted patents); *Celonis SE v. SAP SE,* No. 2:25-cv-01037-RWS, Dkt. 79 at 10–12 (E.D. Tex. Sept. 30, 2026) (same, plus the application was specifically discussed as "relevant to a proposed claim amendment"). Here, however, the examiner's August 2012 Notice listed 32 references but did not list any application that issued as a patent-in-suit and did not include the asserted '909, '624, and '750 patents that had already issued by that time.

Cypresswood also relies on inapposite fact patterns where patent applicants unilaterally cited references during prosecution, rather than the references originating from a Patent Office examiner as in the present case. *See Plano Encryption*, 2017 WL 8727249, at *5 (explaining that applicants "both have affirmatively cited the patent to the U.S. Patent and Trademark Office during patent prosecution"); *Iarnach Techs.* Order at 10 (relying on "[p]laintiff's allegation that Charter cited the '035 Patent during prosecution of the Charter Patent"); *Barkan Wireless*, 2021 WL 12310942, at *3 (relying on defendant's alleged "citation to the '284 application during the prosecution of its own patent"); *Qualcomm Inc.*, 2023 WL 11833572, at *8 (relying on allegations that the application "was cited by Arteris during the prosecution of its U.S. Patent Application"). Again, the FAC does not allege that Google cited the asserted patents to the Patent Office.

Other cases are even further removed, with allegations of notice outside of Patent Office proceedings, whereas Cypresswood does not allege that it or Pivot3 ever communicated with Google before this lawsuit. For example, in *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, the Court inferred that the defendants had monitored the asserted patent's application because the parties had engaged in five years of litigation on a "related" patent on "the same technology," where defendants were found to infringe and were enjoined, and they decommissioned the accused product shortly after the Patent Office allowed the claims. No. 7:19-cv-00026-DC, 2019 WL

3818049, at *4–5 (W.D. Tex. June 13, 2019). The Court stressed that it was ruling "[o]n the unique facts in this case," and noted that it "[o]rdinarily . . . would dismiss an allegation of willfulness . . . absent a specific allegation of pre-suit knowledge of the asserted patents." *Id.* at *5*; see also Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-1430-LPS-CJB, 2015 WL 5725768, at *2–3 (D. Del. Sept. 29, 2015), *adopted*, 2016 WL 1274812 (D. Del. Mar. 31, 2016) (inventor presented patented technology to defendants and sent them the asserted patent's parent, and defendants later cited that parent and three related patents); *MR Techs. GmbH v. W. Digit. Techs., Inc.*, No. 8:24-cv-01848-JVS-DFM, 2024 WL 5495289, at *5 (C.D. Cal. Dec. 5, 2024) (plaintiff alleged it "specifically identified" asserted patent by email to defendant during trial on the asserted patent's parent); *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *4 (E.D. Tex. Mar. 27, 2015) (asserted patents were declared standard-essential, and the court reasoned that defendants who participated in the standard-setting and sold standard-implicated devices would "maintain some level of familiarity with patents declared essential to the standard" so customers using the devices would infringe "as expected"). Here, Cypresswood does not allege any comparable facts plausibly supporting an inference of pre-suit culpability.

### B. Cypresswood's Unsupported Willful Blindness Theory Cannot Salvage Its Deficient Claims

Cypresswood's "willful blindness" theory is similarly implausible. *See* Mot. at 12–14; Opp. at 16–17. As an initial matter, it directly contradicts Cypresswood's conspiracy theory of pre-suit knowledge of infringement. As discussed above, the FAC implausibly alleges that Google investigated indirect citations and monitored Patent Office records to gain "knowledge of the Asserted Patents and their claims" (FAC ¶¶ 24–28, 31), but for "willful blindness" it alleges that Google "took deliberate actions to avoid confirming the existence and scope of the Asserted Patents" (*id.* ¶ 29).

The "willful blindness" theory also fails on its own terms because it depends on the implausible allegation that Google specifically focused on the patent applications that issued as the patents-in-suit as supposedly relevant. The FAC alleges that Google "subjectively believed that there was a high probability that the Pivot3 applications identified in the Pivot3 References had issued as patents covering Pivot3's distributed RAID technology," but "deliberately refrain[ed] from reviewing the issued patents" because it "maintains a policy or practice of not reviewing the patents of others." FAC ¶ 29. But that theory is not plausible in view of the undisputed Patent Office record. An examiner's list of 32 references was simply repackaged wholesale. *See* Mot. at 2–3. That list did not contain any application that issued as a patent-in-suit. *See id*. The FAC does not allege that Google cited to the Patent Office any patent application that issued as a patent-in-suit. *See id*. Cypresswood's predicate that Google studied "the Pivot3 applications identified in the Pivot3 References" is not plausible when there is no allegation that any of those Pivot3 applications were cited by Google to the Patent Office. Again, it defies common sense that a "sophisticated" patent applicant would secretly study several patent applications and deem them to be highly relevant, but at the same time, repeatedly disclose to the Patent Office a list of references that deliberately omitted those highly relevant applications, despite the duty of candor. *See Iqbal*, 556 U.S. at 663–64.

Again, Cypresswood's uniquely implausible conspiracy theory distinguishes its cited cases on willful blindness. Opp. at 17. Its cited cases did not involve any similar fact pattern of repeated affirmative disclosures to the Patent Office of indirectly related references, combined with an absence of any citation to any patent-in-suit or any application that issued as a patent-in-suit. *See Longhorn Auto. Grp., LLC v. Mitsubishi Motors Corp.*, No. 2:24-CV-00685-JRG, 2025 WL 3706950, at *5 (E.D. Tex. Dec. 22, 2025) (no allegations regarding disclosures to the Patent

Office); *Frac Shack*, 2019 WL 3818049, at *5–6 (same); *Int'l Bus. Machines Corp. v. LzLabs GmbH*, No. 6:22-CV-00299-ADA, 2023 WL 11916811, at *3 (W.D. Tex. Jan. 5, 2023) (same).

### C. The Court Should Deny Leave to Amend

Finally, the Court should deny Cypresswood's unsupported request for leave to amend its complaint with some unspecified amendment. Opp. at 19. Cypresswood already amended its complaint in view of Google's original motion to dismiss on the same issues. *See* Dkts. 11, 23. Cypresswood requests "leave to amend," but fails to submit its proposed amendment and fails to explain what, if anything, it might add or change. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (affirming that leave to amend is not required where movant "fail[s] to apprise the district court of the facts that [it] would plead in an amended complaint, if necessary, to cure any deficiencies") (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)); *Mullen Indus. LLC v. Meta Platforms, Inc.*, No. 1:24-cv-354-DAE, 2025 WL 326402, at *6 (W.D. Tex. Jan. 29, 2025) (denying plaintiff's request for leave to amend where plaintiff "failed to provide the Court with additional facts it would plead to cure the defects identified"); *see also* L.R. CV-7(b) (requiring that executed copy of a proposed pleading be filed as an exhibit to a motion for leave).

Nor is there any basis for Cypresswood's assertion that it is entitled to discovery on its deficient claims. Opp. at 19. Pursuant to the Court's procedures, the parties met and conferred prior to Google's motion. *See* Mot. at 18. Cypresswood "did not offer to dismiss the pre-suit indirect and willful infringement claims without prejudice and stated it would oppose the motion." *Id*. Now that Cypresswood has forced the Court and Google to expend resources addressing its implausible claims, Cypresswood should not be rewarded with a fishing expedition in discovery.

## III. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the FAC's claims for pre-suit indirect and willful infringement.

Dated: November 23, 2026

COOLEY LLP

By: /s/ *Heidi L. Keefe*

Heidi L. Keefe (CA Bar No. 178960)
hkeefe@cooley.com
Reuben H. Chen (CA Bar No. 228725)
rchen@cooley.com
Lowell D. Mead (CA Bar No. 223989)
lmead@cooley.com
Andrew Lau (CA Bar No. 347563)
(admitted *pro hac vice*)
andrew.lau@cooley.com
HanByul Chang (CA Bar No. 353836)
(admitted *pro hac vice*)
hanbyul.chang@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

Eamonn Gardner (CA Bar No. 310834)
egardner@cooley.com
Cooley LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Telephone: +1 720 566-4000
Facsimile: +1 720 566 4099

Matthew Ritter (DC Bar No. 90036549)
(admitted *pro hac vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Ste. 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Michael E. Jones (Tex. Bar No. 24001351)
mikejones@potterminton.com
Shaun W. Hassett (Tex. Bar No. 24074372)
shaunhassett@potterminton.com
Potter Minton
102 North College Suite 900
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846

*Attorneys for Defendant*
*Google LLC*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on November 23, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via ECF.

*/s/ Heidi L. Keefe*
Heidi L. Keefe